DEPARTMENT FOR HUMAN
RESOURCES, Commonwealth
of Kentucky, Appellant,

v.

L. Edwin PAULSON, Jr. and Harvie B.
Wilkinson, Appellees.

Court of Appeals of Kentucky.

Oct. 23, 1981.

Paul F. Fauri, Gen. Counsel, Patricia J. Shipman, Dept. for Human Resources, Frankfort, for appellant.

Kevin G. Henry, Paula M. Raines, L. Edwin Paulson, Jr., Harvie B. Wilkinson, Jennifer B. Coffman, Lexington, for appellees.

Before HOWERTON, McDONALD and WINTERSHEIMER, JJ.

HOWERTON, Judge.

The Department for Human Resources appeals from a judgment of the Fayette Circuit Court awarding each appellee a fee of $750.00 for representing indigent parents in an action terminating their parental rights. The Department argues that the maximum allowable fee for each is $300.00.

Following the termination proceedings, the appellees presented affidavits to the court illustrating the time and expenses each devoted to the case. Wilkinson requested a sum of $1,447.00, and Paulson requested a fee of $1,220.00. The trial judge relied on the case of *Bradshaw v. Ball*, Ky., 487 S.W.2d 294 (1972), and concluded that he had the authority to fix any reasonable fee. We disagree.

In *Bradshaw, supra,* the Franklin Circuit Court had ordered the State Treasurer to pay an attorneys' fee to court-appointed attorneys in criminal cases. The judgment was affirmed in part and reversed in part. The case did put an end to the requirement that an attorney had to accept an appointment to represent an indigent criminal defendant. The practice was determined to

be an unreasonable burden and tantamount to taking the attorney's property without due process of law. The court, however, declined to allow an attorneys' fee in that case and concluded that the legislature must provide for compensation in such situations. The Kentucky Public Defender Act, KRS Chapter 31, had been enacted recently and would thereafter resolve the problem. It was nevertheless left to the legislature to provide the proper funding.

■ The General Assembly has provided for compensation not exceeding $300.00 for attorneys accepting an appointment to represent an indigent parent in a termination proceeding. KRS 199.603(8). We conclude that this was the proper and appropriate function of the legislature, and that by limiting the fee to this amount, neither appellee will be unconstitutionally deprived of his property or time. Acceptance of the appointment was voluntary, and the appellees had statutory notice of the limited fee.

■ In actions involving the Commonwealth, the trial court may assess costs against the State, its officers, and its agencies, but the fees shall be imposed only to the extent permitted by law. CR 54.04. KRS 453.010 allows a trial judge to assess costs against the Commonwealth, but such costs shall not exceed the fees allowed for similar services in other civil actions. In this situation, the fee for similar actions is limited to $300.00. We must therefore conclude that KRS 453.010 does not override or directly conflict with the fee limit established in KRS 199.603(8).

■ The appellees cite Kentucky Constitution, §§ 109 and 116, along with *Ex parte Auditor of Public Accounts*, Ky., 609 S.W.2d 682 (1980), for the proposition that the judicial branch of government has the exclusive authority to manage its own affairs. This is true in the sense of rule making, appointments of personnel, admissions to the bar, disciplinary actions, and the administration of the Bar Association. The citations, however, do not have any bearing on the court's authority to assess a fee against the Commonwealth in excess of the amount established and funded by the legislature.

The judgment of the trial court is reversed, and this action is remanded for further proceedings consistent herewith.

All concur.