v.

DEPARTMENT FOR HUMAN RESOURCES COMMONWEALTH OF KENTUCKY, Appellee.

Court of Appeals of Kentucky.

Dec. 23, 1983.

Lewis G. Benham, Louisville, for appellant.

Paul F. Fauri, Gen. Counsel, Patricia J. Shipman, Frankfort, for appellee.

Robert K. Rainey, guardian ad litem, Jeffersontown.

Before HAYES, C.J., and MILLER and DUNN, JJ.

DUNN, Judge.

This is a case in which the appellant, M.S.M., appeals from an order terminating her parental rights of the infant child, M.M. A petition for involuntary termination of parental rights was filed by the Department for Human Resources on June 23, 1981. A trial was held on August 13, 1982. The proof introduced by the Department indicated that the child had on several occasions been removed from the custody of his mother, the appellant, and given protective services by the Metropolitan Social Services Department, the PACT Program and the Department for Human Resources of the Commonwealth of Kentucky. At the time of this hearing, the child had been in the care of the Department for Human Resources for almost two years. The proof was uncontroverted that the child displayed violent, aggressive and hyperactive behavior that was almost impossible for the mother to control. The proof showed that the appellant was unable to provide the child with a stable home, had been unwilling or unable to continue counseling required by the Department, and that the appellant had failed to visit or communicate with the child on a regular basis during his last stay at the placement at the Christian Church Children's Campus in Danville, Kentucky. The appellant testified that she would not be able to care for the child and that she would like him to stay at Danville or she would arrange for him to stay with a friend in another state who is a stranger to the child. Based on that proof, we affirm the circuit court's order terminating the appellant's parental rights.

The appellant argues that the evidence presented failed to meet the clear and convincing standard established by the United States Supreme Court in *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). That case merely requires a fundamentally fair process and clear and convincing evidence to support the termination of parental rights. The evidence presented here by the department in the present case is, to say the least, clear and convincing. In fact, the appellant herself indicated that she was unable to care for the child and wanted the state to continue to do so. The court therefore found that it was in the best interest of the child to have the parental rights of the natural mother and the legal natural father terminated.

Appellant next argues that the trial court abused its discretion by going ahead with the trial of this matter when the appellant was not present. At the beginning of the trial, the trial court inquired as to where the mother was and her counsel did not know. He did, however, indicate that she knew that this was the date of her trial and had discussed the matter with him. He also indicated, however, that she had made appointments with him in the past and had not kept them and had otherwise failed to follow up on matters that she had discussed with him. The mother ultimately showed up during the questioning of the second witness who was a custodian of records. We find that the mother's presence prior to her appearance was not critical and, therefore, the court did not abuse its discretion by not granting a continuance.

Finally, the appellant argues that the appellant is entitled to a court-appointed attorney to prosecute her appeal and that the State is obligated to pay an attorney fee for the prosecution of an appeal in this matter. The question of attorney's fees was addressed by this court in *Department for Human Resources v. Paulson,* Ky. App., 622 S.W.2d 508 (1981). It was held

that the court has only the authority given it by the legislature to assess a fee against the Commonwealth. In this case, KRS 199.617 provides for appeals in involuntary termination cases but does not mention an attorney fee as does KRS 199.603(8) in circuit court. Therefore, there is no provision for fees and therefore, the court has no authority to assess one against the Commonwealth.

The judgment of the Jefferson Circuit Court is AFFIRMED.

All concur.