COMMONWEALTH of Kentucky
Cabinet for Human Resources,
Appellants,

v.

Hon. Lee L. COLEMAN, Hon. Wade T.
Markham, Hon. Thomas F. Chimera,
Brandy Sigafoos, Letitia Sigafoos and
George Robertson, Appellees,

and

Hon. Thomas F. CHIMERA,
Cross-Appellant,

v.

COMMONWEALTH of Kentucky,
Cabinet for Human Resources,
Cross-Appellees.

Court of Appeals of Kentucky.

Nov. 15, 1985.

Pat Harris, Cabinet for Human Resources, Frankfort, for appellant and cross-appellee.

Thomas F. Chimera, Wade T. Markham, Lee L. Coleman, Bowling Green, for appellees and cross-appellant.

Before CLAYTON, DUNN and McDONALD, JJ.

CLAYTON, Judge.

This is an appeal and cross-appeal from an order of the Warren Circuit Court awarding $2,267.48 in attorney's fees as costs against the Commonwealth. The issue we are now presented is whether the circuit court is authorized to award these fees under KRS 453.010(1) in the absence of a separate statute providing for their award.

The underlying facts giving rise to this appeal are not overly complex, nor in dispute. The appellee attorneys were, with the exception of appellee/cross-appellant Chimera, appointed by the trial court to act as guardians ad litem in an involuntary termination of parental rights action, KRS 199.603, instituted by the appellant/cross-appellee Cabinet. Thomas Chimera, though also appointed by the circuit court to act as counsel in the same action, acted as counsel for George Robertson, the alleged father of the children. At no time did he serve as guardian ad litem for any of the minor children involved. Following a lengthy trial, and an unsuccessful appeal by the Cabinet, the appointed counsel successfully moved the lower court to award them attorney's fees as costs against the Commonwealth under KRS 453.010. The circuit court on March 29, 1985, entered an order awarding Wade Markham, $1,010.56; Lee Coleman, $935.75; and Thomas Chimera, $321.17.

The Cabinet appeals from that order arguing that under KRS 453.010(1) attorney's fees may only be awarded as costs against the state where such fees have been expressly provided for by statute. Pointing to the absence of any statute providing for an award of fees to guardian ad litem, the Cabinet concludes that the present appellees, Markham and Coleman, were entitled to none (awarded as costs against the Commonwealth). The appellees and cross-appellant respond that such reasoning, if now adopted, would unconstitutionally deny them of their property without just compensation. After having reviewed the cited statutes and case law, we conclude that the Cabinet's arguments, as appellant, are unpersuasive. Accordingly, we affirm the order of the Warren Circuit Court.

■ At the outset, however, we dismiss the argument of appellee/cross-appellant Chimera. Although expressly limited under KRS 199.603(9) to receiving a reasonable fee not to exceed $300, he argues that we should ignore this restriction given the fact that it was the Cabinet which initially appealed on the merits of the termination action thus necessitating additional time and effort on his part at a cost far in excess of the $300 statutory limit. A markedly similar argument has been recently discussed and dismissed in *M.S.M. v. Department for Human Resources, Commonwealth of Kentucky*, Ky.App., 663 S.W.2d 752 (1983). In that decision, an indigent mother appealing from a judgment terminating her parental rights argued on appeal that she was entitled to a court-appointed counsel to prosecute her appeal and that the state was obligated to pay an attorney fee in prosecuting the appeal. Citing *Department for Human Resources v. Paulson*, Ky.App., 622 S.W.2d 508 (1981), this court held that "the [circuit] court has only the authority given it by the legislature to assess a fee against the Commonwealth." As the statute providing for appeals in involuntary termination of parental rights actions, KRS 199.617, makes no mention of an attorney fee, the opinion concludes that the court had no authority to assess one against the state. We agree.

KRS 199.603(8) provides for a maximum award of $300 in attorneys' fees as costs. This award is expressly described by the statute as "a reasonable fee for services," with no distinction being drawn between trial and appellate advocacy. Absent a statute explicitly awarding additional amounts for representation on appeal, the $300 amount of KRS 199.603(8) stands as the outer limit of monies which may be awarded appointed counsel in representing indigent parents in KRS 199.603 actions, whether the rendered services are provided at trial, or on appeal, or both. That the Cabinet chose to appeal in this case rather than the indigent parent, as in *M.S.M., supra*, is of little significance given the clear language of the statute and the cases interpreting it.

■ We are less persuaded, however, by the arguments of the Cabinet with respect to appellees Coleman and Markham. Specific statutory authority does provide for the assessment of guardian ad litem fees as costs against the Commonwealth. KRS 453.060(2) expressly states that,

A guardian ad litem or warning order attorney *shall* be allowed by the court a reasonable fee for his services, to be paid by the plaintiff and taxed as costs.

Unlike *M.S.M. v. Dep't. for Human Resources, Commonwealth of Kentucky*, Ky. App., 663 S.W.2d 752, 753–4 (1983) then, this is not a situation wherein the legislature has failed to provide the courts with the authority to assess a guardian ad litem fee as costs. The statute set out above not only provides for such a fee, but indeed requires that a reasonable fee be awarded. Similar language found in CR 17.03 has been held to compel the award of a guardian ad litem fee by the circuit court in an involuntary termination action under KRS 199.603. *G.R.M. v. W.M.S.*, Ky.App., 618 S.W.2d 181 (1981).

Moreover, we see no reason to distinguish the unequivocal language of KRS 453.060(2) simply because it is not included in KRS 199.603, or because it does not expressly refer to the Cabinet or Commonwealth. The Cabinet, as the most frequent petitioner in involuntary termination actions, is logically included in that class of persons contemplated to be "plaintiffs" by KRS 453.060(2). To interpret the statute otherwise, would illogically exclude the major portion of the plaintiffs who bring actions under KRS 199.603, a result which defeats the plain meaning of the statute.

■ Even were we to assume, however, that neither KRS 453.060(2) nor CR 17.03 is statutory authority for imposing guardian ad litem fees as costs against the Cabinet, our ultimate conclusion would remain unaltered. Such fees may still be awarded as costs given the inherent authority of the circuit court to ensure that involuntary termination proceedings involve fundamentally fair procedures under *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). In *G.G.L. v. Cabinet for Human Resources*, Ky.App., 686 S.W.2d 826 (1985) a recent decision applying *Santosky, supra*, this court held that *Santosky's* requirement of fundamental fairness authorized the trial court in an involuntary termination of parental rights proceeding to assess as costs against the Cabinet the transportation expenses of two indigent parents who, as respondents, had traveled by bus from Dayton, Ohio, to attend a termination hearing in Fayette County, Kentucky. *Id.* at 829. As support for this assessment of costs (which was not provided for by statute), it was recognized that our courts have "inherent" power to do what is reasonably necessary for the administration of justice within the scope of their jurisdiction. *G.G.L., supra* at 828 (citing *Smothers v. Lewis*, Ky., 672 S.W.2d 62 (1984)). Logically included within that inherent power is the ability of the court to assess as costs against the Commonwealth the reasonable fees of guardians ad litem appointed to represent infants and adults of unsound mind in involuntary termination actions under KRS 199.603. To hold otherwise would imply that the requirements of fundamental fairness, and the courts' inherent power to ensure their satisfaction, exist solely to provide for the presence of interested persons at the courtroom and not their adequate legal representation upon arrival. Such an interpretation of *Santosky, supra*, and *G.G.L., supra*, would be contrary to the essence of both fundamental fairness and the administration of justice, denying the minor children involved in involuntary termination actions the adequate legal representation to which they are entitled.

The judgment of the Warren Circuit Court is affirmed.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.