CASE 70.—ACTION BY THE CONRAD SCHOPP TRUST CO. AGAINST J. K. BONDURANT IN WHICH DEFEND- ANT FILED A COUNTERCLAIM.—Sept. 29, 1909.

## Conrad Schopp Fruit Co. v. Bondurant

Appeal from McCracken Circuit Court.

W. M. Reed, Circuit Judge.

From a judgment dismissing without prejudice both plaintiff's petition and defendant's counterclaim plaintiff appeals.—Affirmed.

1. Courts—Rules—Trial of Cause — Continuance.—Court rule, declaring that no case set down for trial shall be reset or continued without the consent of the court, and legal and sufficient reasons shown therefor, was reasonable.

2. Dismissal and Nonsuit—Grounds—Preparation for Trial—Diso- bedience of Order.—A stipulation for a continuance having been filed, the court reset the case for a subsequent day, and ruled the parties to prepare for trial on penalty of having their respective petitions dismissed, under a rule that where a case is set down for trial, it shall not be reset or continued by agreement, without consent of the court. On the trial day, the parties not being ready, the court dismissed the petition and defendant's counterclaim without prejudice. Held, that such dismissal was authorized by Civ. Code Prac. Sec. 371, subd. 2, authorizing a dismissal for disobedience by plaintiff of an order in the action.

J. D. MOCQUOT for appellant.

WHEELER, HUGHES & BERRY for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM- MISSIONER—Affirming.

The appellant, Conrad Schopp Fruit Company, a corporation of St. Louis, Mo., instituted this action against the appellee, J. K. Bondurant, to recover the value of a car load of apples which it had sold and delivered to the latter. The trial court dismissed appellant's petition, and also appellee's counterclaim, without prejudice, and to test the propriety of the court's ruling this appeal is prosecuted.

The petition was filed in the McCracken Circuit Court on April 17, 1908. Service was had upon J. K. Bondurant in time for the action to be an appearance case at the April term, 1908. On May 16, 1908, which was during the April term, appellee, Bondurant, filed his answer. On the 6th day of June, 1908, and during the same term, appellant filed a reply. The case was not set for trial at the April term of the court, but went over to the October term, 1908, and was set for trial on the 15th day of that term. On the 6th day of No· vember, and during the October term, an order was entered continuing the case on account of the illness of W. A. Berry, appellee's attorney. The case then went over to the February term, 1909. When the latter term arrived, an order was entered setting the case for trial on the 16th day of that term. On the 18th day of February, 1909, appellee was permitted to file an answer over the objection of appellant. The latter then moved the court for a continuance and filed an affidavit in support of his motion. The case was then reset for trial on the 22d day of the February term. Thereafter the action was continued and set for trial on the 7th day of the next (May) term of the court. On the 22d day of the May term, 1909, appellant filed a reply to appellee's answer. On May 24, 1909, the following order was made:

"This day came the parties herein, and filed agreement. It is ordered by the court that this action be reset for trial, on Saturday, the 18th day of the present term, and jury is awarded, and each and both of the parties to this action are ruled to prepare for trial, on or before said day, under penalty for failure to so prepare of having their respective pleadings dismissed."

The following is the agreement referred to in the foregoing order, viz: "It is agreed between the plaintiff and the defendant in this action, that the action may be continued until the October, 1909, term of this court. J. D. Mocquot, Attorney for Plaintiff. Wheeler, Hughes & Berry, for Defendant."

On June 5th, 1909, the court entered an order dismissing the petition of appellant and the counterclaim of appellee, without prejudice. At the same time the court made the following statement which is incorporated in the record: "As the controversy in this action is between the court and counsel on each side of the case, and as a question of practice is involved, and the attorneys on each side of the case seem to be in accord, and against the views held by the court, I have thought it not improper to make a brief statement of the reasons for my action as judge of the McCracken Circuit Court in dismissing plaintiff's petition and defendant's counterclaim. On January 21, 1907, the McCracken Circuit Court had entered of record the following rule or order to wit: 'It is ordered by the court that no case set down for trial shall be reset or continued by agreement of parties or attorneys without consent of the court and legal or sufficient reasons shown therefor'—and caused same to be posted in conspicuous places in

Conrad Schoop Fruit Co. v. Bondurant.

the courthouse and clerk's office.  The court made this
order for the reason that members of the bar and at-
torneys on each side of the respective cases to be
tried claimed the right, after the action had been set
down for trial on a day, to continue same by agree-
ment to another day in the term, or to the next term
of court, without showing any legal reason therefor,
thus leaving the court and jury nothing to do on
some days and the docket overcrowded on other days.
The record in this case discloses that this action was
instituted on April 17, 1908, and that the issue, sav-
ing some amendments thereafter filed, was formed at
the April term, 1908, and that the case was continued
at that term of court until the September term, 1908,
and that at the September term, 1908, said case was
again continued until the February term, 1909, when
said case was set for the 16th day of the term for
trial, and on that date reset for the 22d day, and
then continued and set for trial on the 7th day of the
present term, when another effort was made to con-
tinue the case by agreement, and without any legal
reason shown, until some day in the next term of
the court, which the court refused to do, but reset
the case for today, the 18th day of the present term,
and made a rule on each party to prepare for trial.
Thus it will be seen that this case has been set for
five different days on the court's docket, and is now
sought to be continued and set for another day by
agreement of counsel, and without any legal reason
or cause shown therefor.  The effort to continue the
case has been an agreement, filed upon May 24, 1908,
which is as follows:

'It is agreed between plaintiff and defendant in
this action that the case may be continued until the

October, 1909, term of this court. (Signed.) J. D. Mocquot, Attorney for Plaintiff. Wheeler, Hughes & Berry, Attorneys for Defendant.' So far as it appears to the court there has been no diligence whatever used, or any effort whatever made to comply with the rule of the court heretofore made, or to make any preparation for trial of the action, and no legal reason now being shown, or attempted to be shown, on either side, I, therefore, now direct the clerk to enter an order on the records of this court dismissing plaintiff's petition without prejudice, and also the set-off and counterclaim of the defendant in his answer and amended answer, without prejudice, and the clerk will now enter such an order." If any other reasons for continuing the case were assigned by the parties at the time of the dismissal of the case, they do not appear of record. Furthermore, the statement of the court is to the effect that no legal or sufficient reasons for continuing the case were shown. It may be that reasons were submitted to the court; but as they do not appear of record, we are unable to pass upon the sufficiency of those reasons.

This brings us to the determination of the question whether or not the rule adopted by the court, as set out above, is a reasonable one, and whether or not it violates any rule of law. Section 371 of the Civil Code of Practice is as follows:

"An action, or any cause of action, may be dismissed without prejudice to a future action—(1) By plaintiff. By the plaintiff, before the final submission of the case to the jury, or to the court, if the trial be by the court. (2) By court. By the court—(a) If the plaintiff fail to appear at the trial. (b) For the want of necessary parties. (c) On the application of

Conrad Schoop Fruit Co. v. Bondurant.

a defendant, if there be others whom the plaintiff fails to prosecute with diligence. (d) For disobedience by the plaintiff of an order concerning the proceedings in the action. In all other cases, upon the trial of the action, the decision must be upon the merits.''

In our opinion, the rule in question and the order predicated thereon are fully covered by the language of subsection ''d'' above quoted. In this case the plaintiff disobeyed the order, and the defendant, who was in effect a plaintiff so far as his counterclaim was concerned, also disobeyed the order. That it was an order concerning the proceedings in the action there can be no question. The commonwealth is put to great expense to maintain its courts. It was not intended that the courts should be at the mercy of attorneys, and be compelled to continue cases whenever agreed to by them. In such cases the court has a discretion, and where the discretion is predicated upon a reasonable rule, adopted by the court for the dispatch of its business, this court will not interfere with the trial court. If attorneys could, upon agreement, secure continuances of cases whenever they so decided, it would greatly interfere with the dispatch of business. As was pointed out in the statement of the trial judge, there would be nothing to do on some days, while the docket on other days would be greatly crowded. Thus it is of importance that cases should be so arranged upon the docket that the court and the jury should have plenty to do during the continuance of the term. It would not do to permit attorneys, arbitrarily and without valid reasons therefor, always to continue cases by agreement. While the trial court should as far as possible accommo-

date the attorneys, he should not do so at the expense of justice. The rule adopted by the lower court is not only reasonable, but is a wise one if adhered to and carried out. Under that rule the court was not bound to continue the case because the attorneys agreed to continue it. If they showed any valid or sufficient reasons why it should be reset or continued, the court would have been bound by its own rule, and would have had to reset or continue the case. As said above, the record is entirely silent upon the question of legal or sufficient reasons. So far as the facts are before us, the court had nothing to act upon except the agreement of the attorneys. The court gave fair warning of what its action would be. If the attorneys were unable to try the case at the time it was reset, they should have shown some valid or sufficient reason therefor; their simple agreement to continue the case was not sufficient to require the court to continue or reset the case. We, therefore, conclude that the action of the trial court, in dismissing the petition and counterclaim without prejudice, was altogether proper.

Judgment affirmed.