## Warfield Natural Gas Company v. Allen et al.

(Decided December 12, 1930.)

KIRK & WELLS for appellant.

J. C. HOPKINS and C. P. STEPHENS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Approving agreed order in part and disapproving it in part.

This record was filed in the Court of Appeals on October 14, 1930, and the appeal was granted by the court below thereby dispensing with delay in the issual of process for any of the appellees. Counsel for both appellant and appellees signed and filed a writing in this record headed and styled "Agreed Order," and moved this court to approve it as an order of the court and to be placed upon its record. The agreement says: "It is agreed by the parties hereto that the appellant, Warfield Natural Gas Company, may have to and including March 15, 1931, and the appellees thirty days thereafter to file their respective briefs in this case." If it is approved by this court as an order made by it, its effect will be to continue the hearing of the appeal until the spring term, 1931, since by its express terms (or the order if it is approved by this court), the appellees will have until April 15, 1931, to brief the case, which is after both the adjournment of the winter term and after the convening of the spring term. If such agreements should be approved by us in one case, there would be no reason to deny them under similar showings in all other cases pending on appeal, the inevitable effect of which would be to continue the entire docket, leaving the members of the court with no work to perform.

A like consequence would follow, but with a pro tanto diminishing of the court's work, if a less number of such agreements were made and approved. It is the policy of the law to dispatch litigation to the end that its fruits may be reaped by the litigant entitled to it, and also to the end that crowded conditions of dockets, resulting in delay to other litigants, may be averted and the finished work of the court be kept abreast with incoming litigation, and to thus avoid protracted litigation of the "Jarndyce v. Jarndyce" type. In the case of Mutual Life Insurance Co. v. Will G. Evans, 185 Ky. 335, 214 S. W. 927, 928, the observations above made were approved by this court in this language: "Unnecessary or unreasonable delays or derelictions on the part of litigants or counsel, in the absence of satisfactory explanation, should not be tolerated by the courts. Litigation should be disposed of with reasonable and seasonable dispatch. Strader v. Strader, 163 Ky. 356, 173 S. W. 793; Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270;

New York Life Ins. Co. v. Long, 177 Ky. 445, 197 S. W. 948; United States F. & G. Co. v. Com. for Use, etc., 31 Ky. Law Rep. 35, 101 S. W. 360.''

To accomplish the above ends, and as an aid in the orderly dispatch of litigation, courts are vested with the right to adopt and promulgate reasonable rules for the guidance of litigants and their counsel and which they are as much under duty to observe as if the rules had been created by statutory enactment in the form of a Code of Practice. Such right of adoption and promulgation inheres to an appellate court the same as it does to a trial court, and this court, in the exercise of that right, and to accomplish the same purpose, has adopted section 5 of Rule 5, saying:

> "In all civil cases it shall be the duty of the appellant to file his brief at least twenty days prior to the day the case is set for hearing, and the appellee to file his brief at least ten days prior to that time. If the case shall be passed to the second call of the docket as provided in Section 3 of Rule II, the appellant must file his brief at least twenty days prior to the date of the second call and the appellee at least ten days prior to said time."

Of course neither that nor any other rule adopted by this court has been or will be inflexibly administered, but will be modified in the furtherance of justice in extreme and emergency cases upon the proper manifestation of facts and grounds sufficient for the purpose; but in the instant motion no grounds whatever for the nonobservance of a punctual adherence to the above-inserted rule are set forth therein or in any manner presented to the court for its approval of the agreement. In the circumstances the court has the right to have some such meritorious grounds or reasons presented to it so that it may determine whether the case is one requiring such modification. To hold otherwise would be an acknowledgment of the right of litigants, or their counsel, to set aside the adopted rules of the court for their own convenience and that too without limit. In this case the agreement, without any presented grounds or reasons therefor, not only places the time for the submission of the case entirely beyond the expiration of its appearance term, but likewise beyond both its first and second calls on the docket, and puts its consideration for-

ward into the second future term from the time of its filing.

A similar question was before this court in the case of Conrad Schopp Fruit Co. v. Bondurant, 134 Ky. 568, 121 S. W. 482, 483, which presented for consideration the right of the judge of the McCracken circuit court to adopt and promulgate rules, as well as their reasonableness, and also the duty of litigants to observe them, unless good and sufficient reasons existed for not doing so. In that case counsel had agreed contrary to a rule or order of the court and without the consent of the presiding judge to continue the trial of the case beyond the time fixed by the rule. The court refused to abide by the agreement, and dismissed the case without prejudice on the regular call thereof, followed by an appeal to this court. In upholding that action, and in commenting on the propriety of the court's action, the opinion said:

"The commonwealth is put to great expense to maintain its courts. It was not intended that the courts should be at the mercy of attorneys, and be compelled to continue cases whenever agreed to by them. In such cases the court has a discretion, and where that discretion is predicated upon a reasonable rule, adopted by the court for the dispatch of its business, this court will not interfere with the trial court. If attorneys could, upon agreement, secure continuances of cases whenever they so decided, it would greatly interfere with the dispatch of business. As was pointed out in the statement of the trial judge, there would be nothing to do on some days, while the docket on other days would be greatly overcrowded. Thus it is of importance that cases should be so arranged upon the docket that the court and the jury should have plenty to do during the continuance of the term. It would not do to permit attorneys, arbitrarily and without valid reasons therefor, always to continue cases by agreement."

We therefore conclude that the agreement of counsel as presented to us should not be approved; but, inasmuch as the case cannot be reached for final determination, in the usual course of procedure, before February 15, 1931, and inasmuch as it may be presumed that there exists some reasons why the case has not been briefed, or for extending the time therefor, arising from the fact of making the motion, we have concluded to sustain it to

the extent of allowing appellant until February 1, 1931, to brief the case and appellee until February 15 thereafter to reply thereto, and the clerk will so indicate on his order book.