**R. R. CRAFT, Commonwealth Attorney, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1961.

J. Smith Hays, Jr., Winchester, for appellant.

John B. Breckinridge Atty. Gen., William A. Watson, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

The Jessamine Circuit Court adopted rules of practice which became effective on September 1, 1960. Rule XVI reads as follows:

"16.01. Notice of Intention to Try. In any criminal case which was not tried during the term in which the indictment was returned, the commonwealth's attorney shall give notice to defendant's counsel of his intention to try said case at least ten (10) days before the trial date. Failure to seasonably give such notice shall be grounds for a continuance.

"16.02. Copy of Indictment. A true copy of each indictment returned by a grand jury shall be made by the Commonwealth for each defendant in a criminal case, and same shall be furnished by the clerk to defendant's counsel upon request."

The commonwealth's attorney refused to comply with the requirements of the rule of practice.

The court, on its own motion, issued a rule requiring the commonwealth's attorney to show cause why he should not be punished for contempt of court. His response was, in substance, that the rules of the Jessamine Circuit Court were adopted under CR 83; that the Kentucky Rules of Civil Procedure are applicable to civil cases and since Rule XVI of the Jessamine Circuit Court attempts to regulate practice in criminal cases, it is void.

The court found the response to be insufficient and adjudged that respondent was in contempt of court. This appeal is from that judgment.

■ Subsection 1(c) of KRS 21.060 has been construed to mean that an appeal may be taken from a judgment punishing for contempt in order to determine whether the punishment declared was illegally imposed or was excessive—not the guilt or innocence of the one punished. Ketcham v. Common-

wealth, 204 Ky. 168, 263 S.W. 725; and Adams v. Gardner, 176 Ky. 252, 195 S.W. 412.

■ We believe that appellant's response to the contempt rule overlooks the fact that it has generally been recognized that courts (even without express authority given by the constitution, statute, or rule of a supreme court of a state) have inherent power to prescribe rules to regulate their proceedings and to facilitate the administration of justice. 110 A.L.R. 23.

In Warfield Natural Gas Co. v. Allen, 236 Ky. 358, 33 S.W.2d 34, 35, we said:

"To accomplish the above ends, and as an aid in the orderly dispatch of litigation, courts are vested with the right to adopt and promulgate reasonable rules for the guidance of litigants and their counsel and which they are as much under duty to observe as if the rules had been created by statutory enactment in the form of a Code of Practice. Such right of adoption and promulgation inheres to an appellate court the same as it does to a trial court * * *."

■ When we say that an express constitutional grant of rule-making power is unnecessary we do not mean that the rule-making power does not flow from that instrument. The fountain source of that power is in the act of division of powers among the three branches of the government (158 A.L.R. 707) and the grant of judicial power to the courts by the constitution carries with it, as a necessary incident, the right to make that power effective in the administration of justice.

■ We have acknowledged that it is the duty of the courts to accept legislative cooperation in making the judiciary more effective, but only as stated in Burton v. Mayer, 274 Ky. 263, 118 S.W.2d 547, 549:

"So long as the rules of practice fixed by the Legislature accord with the

proper and effective administration of justice, they should be, and they are, followed to the letter. No other rule will accord with the duty of each of the three branches of government so to co-ordinate its administration as to carry into effect the purposes of the Constitution. Where, however, a situation arises in which the administration of justice is impaired or the general rules of practice are unworkable the duty undoubtedly rests on the courts to draw upon the reserve of their inherent power, not in the assertion of a domination over other co-ordinate branches of government, but in co-operation with the legislative and executive branches to carry out the purposes of the Constitution."

Thus, the circuit court and this court have the power to formulate rules for the fair administration of justice aside from additional grant or limitation by the legislature.

■ We interpret Section 16.01 of Rule XVI to mean not that the commonwealth's attorney is irrevocably bound by a notice of this intention to try a case upon a certain day (because unusual circumstances could justify continuance on the commonwealth's motion even after the notice had been served) but to mean that if the commonwealth's attorney does not serve such notice, the defendant has an absolute ground for continuance.

■ We think the requirement of Section 16.02 is reasonable but we direct the attention of those who rely upon that rule to the opinion in the case of Roberts v. Commonwealth, Ky., 317 S.W.2d 181.

The circuit court properly declared the rule to be absolute and the judgment is affirmed.