William SMOTHERS d/b/a Jane Todd Inn, Movant,

v.

Richard H. LEWIS, Commissioner, Department of Alcoholic Beverage Control, et al., Respondents.

Supreme Court of Kentucky.

July 5, 1984.

Phillip J. Shepherd, William A. Young, Greenebaum, Young, Trietz & Maggiolo, Frankfort, for movant.

Kenneth S. Handmaker, Louisville, for amicus curiae.

Catherine Staib, General Counsel, Alcoholic Beverage Control Bd., Pamela Johnson, Frankfort, for respondents.

STEPHENS, Chief Justice.

The sole issue in this case is the constitutionality of KRS 243.580(2) and (3), which, in effect, prohibits all courts from interfering with an order of revocation of an alcoholic beverage license during an appeal.

This question is before this Court on Movant's request for CR 65.09 relief from an Opinion and Order of the Court of Appeals which granted CR 65.07 relief to the current Respondents.

Movant, William Smothers, d/b/a Jane Todd Inn, (hereinafter described as "Smothers") holds a retail beer license for a premises known as Jane Todd Inn which operates in Lebanon, Marion County, Kentucky.

As the result of a prior hearing by the Alcoholic Beverage Control Board on July 15, 1982, the Board entered an order revoking Smothers' retail beer license.

Smothers appealed from the Board's order to the Franklin Circuit Court. That Court issued a temporary restraining order staying enforcement of the Board's order of revocation during the pendency of the appeal.

The Board moved for dissolution of the restraining order. Smothers responded with a motion for a temporary injunction. The Franklin Circuit Court granted Smothers' motion for a temporary injunction to stay enforcement of the Board's order of revocation pending a determination of the appeal by the Court.

The Board moved the Court of Appeals for CR 65.07 relief from the Franklin Circuit Court's temporary injunction, based on KRS 243.580(2), (3). The Court of Appeals entered an Order granting the CR 65.07 relief sought by the Board. The Court of Appeals, 663 S.W.2d 228, upheld the constitutionality of KRS 243.580.

We disagree, and we hold that KRS 243.-580(2) and (3) are unconstitutional as being in violation of § 109, § 116, § 27 and § 28 of the Kentucky Constitution.

KRS 243.580(2) and (3) read as follows:

(2) If a license is revoked or suspended by an order of the board, the licensee shall at once suspend all operations authorized under his license, except as provided by KRS 243.540, though he files an appeal in the Franklin Circuit Court from the order of revocation of suspension.

(3) No court may enjoin the operation of an order of revocation or suspension pending an appeal. If upon appeal to the Franklin Circuit Court an order of suspension or revocation is upheld, or if an

order refusing to suspend or revoke a license is reversed, and an appeal is taken to the Court of Appeals, no court may enjoin the operation of the judgment of the Franklin Circuit Court pending the appeal.

We hold that KRS 243.580(2) and (3) are unconstitutional because their prohibitions against injunctive relief pending appeal are legislative encroachments upon the powers of the judicial branch of our government.

■ It is well settled law in the state of Kentucky that one branch of Kentucky's tripartite government may not encroach upon the inherent powers granted to any other branch. *LRC v. Brown*, Ky., 664 S.W.2d 907 (1984). The Constitution of Kentucky, Section 109 states explicitly that "The judicial power of the commonwealth shall be vested exclusively in one Court of Justice...." Section 116 of the Constitution of Kentucky's "Judicial Article" which was approved by the voters in 1976 provides that:

The Supreme Court shall have the power to prescribe rules governing its appellate jurisdiction....

Thus, the source of the Court's rule making power is firmly rooted within the Constitution.

■ In addition to the Court's Constitutional rule making power, the Court is also vested with certain "inherent" powers to do that which is reasonably necessary for the administration of justice within the scope of their jurisdiction. *Craft v. Commonwealth*, Ky., 343 S.W.2d 150 (1961). In *Craft*, we said while considering the rule making power and the judicial power to be one and the same that "... the grant of judicial power [rule making power] to the courts by the constitution carries with it, as a necessary incident, the right to make that power effective in the administration of justice." *Id.* at 151.

■ It is a result of this foregoing line of thinking that we now adopt the language framework of 28 Am.Jur.2d, Injunctions, Section 15, and once and for all make clear that a court, once having obtained jurisdiction of a cause of action, has, as an incidental to its constitutional grant of power, inherent power to do all things reasonably necessary to the administration of justice in the case before it. In the exercise of this power, a court, when necessary in order to protect or preserve the subject matter of the litigation, to protect its jurisdiction and to make its judgment effective, may grant or issue a temporary injunction in aid of or ancillary to the principal action.

■ The control over this inherent judicial power, in this particular instance the injunction, is exclusively within the constitutional realm of the courts. As such, it is not within the purview of the legislature to grant or deny the power nor is it within the purview of the legislature to shape or fashion circumstances under which this inherently judicial power may be or may not be granted or denied.

This Court has historically recognized constitutional limitations upon the power of the legislature to interfere with or to inhibit the performance of constitutionally granted and inherently provided judicial functions. In *Arnett v. Meade*, Ky., 462 S.W.2d 940 (1971) we held that a legislatively enacted limit on the extent of punishment which could be meted for contempt so interfered with the judicial power as to render those legislated limits unconstitutional.

■ In applying the foregoing law to the case at bar it becomes clear that KRS 243.580(3) is unconstitutional. The statutorily granted right to appeal under KRS 243.560 and 243.570 was Smothers' basis for this action in the Franklin Circuit Court. However, the fact that the legislature statutorily provided for this appeal does not give it the right to encroach upon the constitutionally granted powers of the judiciary. Once the administrative action has ended and the right to appeal arises the legislature is void of any right to control a subsequent appellate judicial proceeding. The judicial rules have come into play and have preempted the field.

We reiterate our previously adopted language, "... a court, once having obtained jurisdiction of a cause of action, has, as incidental to its general jurisdiction, inherent power to do all things reasonably necessary to the administration of justice in the case before it...." This includes the inherent power to issue injunctions.

■ The language of KRS 243.580(3) directly locks horns with the constitutionally inherent injunction power of the courts when it says, "No court may enjoin the operation of an order of revocation or suspension pending an appeal." Such language is a classic example of the very type of legislative encroachment onto the power of the judicial branch of our government which is constitutionally impermissible. Section 27, Section 28, Kentucky Constitution. *LRC v. Brown, supra.*

■ We also hold that (2) of KRS 243.-580 is unconstitutional. Under the terms of that section a licensee whose license has been revoked or suspended must "... at once suspend all operations authorized under his license...." Under the statute this is so even though "... he files an appeal...." The practical effect of this language is to pay lip service to the statutory provisions that establish the right for a licensee to appeal while eradicating any practical reason for taking the appeal. This is a classic example of putting a licensee in the position of winning the battle but losing the war. A licensee whose license has been revoked or suspended immediately suffers the irreparable penalty of loss of business for which there is no practical compensation. This happens even if said licensee wins an appeal and a decision holding that the license was wrongfully revoked. The purpose and impetus for appealing; i.e., to prevent having an irrevocable and irreparable penalty imposed, is erased when the statute requires imposition of the penalty prior to and despite the outcome of the appeal. Succinctly put, the statute gives an appeal and then takes it away. The contradiction and conflict here are obvious. The practical effect is to render the appeal a meaningless and merely ritualistic process.

To deny that courts possess the power to forestall the infliction of injustice through injunctive relief as the legislature has attempted to do so in KRS 243.580(2) is not only internally conflicting within that provision of the statute but is also constitutionally impermissible under the same rationale this Court has used today to find that (3) of the same statute is unconstitutional under the mandate of our constitution requiring a separation of powers.

Once again we emphasize that the grant of judicial power to the courts carries with it the right to make that power effective. To allow the courts the ability to right a wrong by granting an appeal but by denying the courts the ability to defer imposition of the penalty appended to that wrong would be to deny the court its inherent right to make its constitutional grant of power effective. This we cannot allow.

This issue is in essence the "flip side" of the *Arnett v. Meade, supra,* issue. As we discussed earlier, in *Arnett,* the legislature tried to place limits upon the punishment a court could mete out for contempt. This Court held that the legislature could not set limits that interfered with the inherent judicial power to function. Id. at 948. In the case at bar the legislature has attempted to interfere with the judicial power in an inverse manner. Rather than attempting to limit the court's power to punish, it has attempted to limit the court's power to stay a possibly unjustly imposed punishment. In KRS 243.580(2) as in *Arnett* the legislative attempt so interferes with the judicial power as to render those legislated limits unconstitutional.

For the reasons stated above, the Department's motion for CR 65.07 relief is denied and the injunction entered by the Franklin Circuit Court on October 26, 1982 is reinstated. The opinion and order of the Court of Appeals in this matter is vacated and set aside.

All concur.