136 S.W.3d 455 (2004)
KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,
v.
The Honorable Samuel T. WRIGHT, Presiding Judge, Letcher Circuit Court, Appellee and
Meryl Adams and Roger Fields Real Parties in Interest.
No. 2003-SC-0023-MR.
Supreme Court of Kentucky.
June 17, 2004.
*456 Michael J. Schmitt, Porter, Schmitt, Jones & Banks, Paintsville, Counsel for Appellant.
Samuel T. Wright, Judge, Letcher Circuit Court, Whitesburg, Counsel for Appellee.
Daniel F. Dotson, Whitesburg, Counsel for Real Party in Interest, Meryl E. Adams.
Deborah Lewis Bailey, Engle & Lewis, Hazard, Counsel for Real Party in Interest, Roger Fields.

OPINION AND ORDER
LAMBERT, Chief Justice.
Appellant, Kentucky Farm Bureau Mutual Insurance Company ("Farm Bureau"), appeals to this Court from the Court of Appeals' denial of its petition for writ of prohibition or mandamus. In the petition, Farm Bureau sought to vacate the Mediation Order entered by the Letcher Circuit Court on April 15, 2002 requiring written disclosure of the extent of settlement authority prior to mediation and directing *457 mandatory fines, costs, and penalties if the claims were settled following the conclusion of the mediation. This Court hereby grants a limited writ striking the language of the trial court mediation order mandating sanctions if the case is settled after the conclusion of mediation.
This case arose from a motor vehicle accident where Roger Fields hit Meryl Adams who in turn hit an oncoming vehicle driven by Timothy Wright. The accident occurred in the dark morning hours of December 14, 2001, when Adams was trying to turn left onto a side road from a two-lane U.S. Highway. Fields, who hit Adams from the rear, said that he could not see the Adams vehicle because neither the taillights nor the turn signal were working. Fields and Adams were both insured by Farm Bureau. Wright, the oncoming driver who was struck by Adams, filed a civil action for damages against both Fields and Adams for the alleged negligence of both parties.[1] Adams filed a civil action for damages against Fields and Farm Bureau claiming that Fields was negligent in causing the accident, and that Farm Bureau violated the Unfair Claims Settlement Practices Act.[2]
In March 2002, the trial court ordered the cases consolidated, and on April 15, 2002, the trial court ordered the consolidated cases to mediation in October 2002. The mediation order provided in part, as follows:
The parties and an adjustor of their insurers, if any, with full authority to settle shall attend a mediation conference. Full authority is defined as Plaintiff's last demand or the extent of coverage, whichever is less. The full authority of any representative of an insurer shall be documented in writing prior to the commencement of the mediation. No telephone calls to seek additional authority are permitted. The mediation shall be held at the convenience of all parties and the mediator. Only the Court or the mediator may alter the terms of the time limits herein. The parties shall use their best efforts to resolve all issues. If a party fails to appear at a duly noticed mediation conference without good cause or fails to comply with this order in any manner, the Court may impose sanctions including, but not limited to, an award of attorney's fees and other costs against the party failing to comply.
....
If the case is settled after the conclusion of the mediation then additional costs, fines and penalties will be imposed for the disruption of the courts [sic] schedule and resources due to the parties [sic] failure to give timely or adequate work and consideration to this aspect of the case.
On April 24, 2002, Adams filed a motion to alter, amend or vacate the mediation order, and on April 29, 2002, Fields also filed a motion to alter, amend or vacate the order. The motions were filed on grounds that the trial court was without authority to order mediation and that the order improperly authorized imposition of sanctions. When the trial court had not ruled on the motion by September 16, 2002, Farm Bureau took action by contacting the Circuit Court Clerk and attempting to schedule a hearing regarding the pending motions to alter, amend or vacate the order. On September 19, 2002, Farm Bureau filed a motion to vacate the order *458 because a hearing could not be scheduled prior to the mediation date due to the unavailability of the trial judge, and on that same date (September 19, 2002), the trial court overruled the previously filed motions to alter, amend or vacate the mediation order.
On October 1, 2002, Farm Bureau filed the instant petition for writ of prohibition or mandamus in the Court of Appeals. On December 11, 2002, the Court of Appeals denied the petition and held that "Petitioner has failed to make the threshold showing of irreparable harm and lack of an adequate remedy by appeal." It relied on James v. Shadoan.[3]
Farm Bureau argues that the trial court is without authority to order mediation. It recognizes that CR 16(1)(f) grants the trial judge discretion to direct the parties to appear for conference to address "[s]uch other matters as may aid in the disposition of the action." Yet it contends that the trial court was still without authority and acted outside its jurisdiction when it ordered the parties to mediation. Moreover, Farm Bureau contends that this type of order is not within the trial court's inherent power even though there is no constitutional provision, statute, or Supreme Court rule expressly prohibiting such an order. Farm Bureau declares that the mediation order is not consistent with the Model Mediation Rules adopted by the Supreme Court of Kentucky.
Finally, Farm Bureau argues that the sanctions that will be imposed if it settles a claim following the mediation are improper leaving it with a "more illusory than real" remedy by appeal. It posits that providing a written declaration of the authorized settlement amount for its bad faith claim is a great injustice and nullifies the effect of the bifurcation of the cases.[4] It declares that the "theoretical right to appeal, in reality, is not adequate to protect the interests of the defendant [Farm Bureau] under these circumstances."
This matter is before this Court pursuant to CR 76.36(7)(a) allowing a matter of right appeal in original actions filed in the Court of Appeals. Writs of prohibition and writs of mandamus are extraordinary remedies and are reluctantly granted.[5] A petitioner must show that the court is acting outside its jurisdiction or acting erroneously within its jurisdiction, and when the court is acting within its jurisdiction, the petitioner must show that it has no adequate remedy by appeal and it will suffer an irreparable injury if relief is not granted.[6]
With respect to the issue of trial court jurisdiction, "it has generally been recognized that courts (even without express authority given by the constitution, statute, or rule of a supreme court of a state) have inherent power to prescribe rules to regulate their proceedings and to facilitate the administration of justice."[7] Additionally, "[t]he control over this inherent judicial power ... is exclusively within the constitutional realm of the courts."[8] Moreover, CR 16(1)(f) appears to grant express authority to order mediation. For these reasons, the trial court was well *459 within its jurisdiction to do what it deemed reasonably necessary to "aid in the disposition of the action"[9] and to order the parties to mediation.
While a trial court order to mediate does not generally justify the extraordinary relief of a writ of prohibition, the order under review does require relief of a limited nature on grounds of irreparable harm and lack of an adequate remedy by appeal. The order contains a provision that is troubling. It states in part, "if the case is settled after the conclusion of the mediation then additional costs, fines and penalties will be imposed for the disruption of the courts ...." Although Farm Bureau concedes that it may have a remedy by appeal, relief under this rule is appropriate due to the risk a party would have to encounter to ripen the issue for appellate review. Under the trial court's order, parties who settled after the conclusion of mediation, despite a belief in their right to do so, would be required to face mandatory fines and penalties, a route most reasonable parties would avoid. We conclude that the post-mediation settlement provision imposing additional costs, fines and penalties exceeds trial court discretion and results in irreparable harm without an adequate remedy by appeal. This conclusion eliminates the need to address whether the provision runs afoul of the Model Mediation Rules or the parties' constitutional rights. Accordingly, a limited writ of prohibition will be granted and the trial court will be prohibited from enforcing the following language in its mediation order:
If the case is settled after the conclusion of the mediation then additional costs, fines and penalties will be imposed for the disruption of the courts [sic] schedule and resources due to the parties [sic] failure to give timely or adequate work and consideration to this aspect of the case.
The final issue we must address is that portion of the trial court's mediation order requiring the appearance of the parties and their adjustor at the mediation conference "with full authority to settle." The order provides, "Full authority is defined as plaintiff's last demand or the extent of coverage, whichever is less." Some have interpreted this language to require an insurer to pay plaintiff's last demand or the extent of its coverage, whichever is less. We reject this interpretation. The language used does not mean that parties must actually settle; that the insurer must pay plaintiff's last demand, or its policy limit; or that it abandon its good faith belief in the settlement value of the case, if any. The order merely requires the appearance of parties with "full authority to settle" to prevent the pernicious practice of negotiations by "an agent without authority." If mediation is to accomplish its intended purpose, and if the mediation conference is to be the main event, there must be participation by persons possessed of immediate decision-making authority. The process is irreparably harmed if final settlement authority rests elsewhere.
The order under review contains no language that forces the insurer to pay or forces the plaintiff to accept any settlement and should not be interpreted as to require such actions. The order merely requires that the parties participate in a mediation conference ordered by the court and that those persons involved be cloaked with "full authority to settle." This Court has adopted Model Mediation Rules and henceforth all Mediation Orders should be in conformity with those rules. Requiring mediation participants to have full authority *460 to settle does not violate our Rules; rather allowing mediation to take place without parties possessing full authority to reach an agreement is the real violation. In accordance with the language of the order under review, the parties are free to mediate, agree on a settlement, or disagree and proceed to trial.
For the foregoing reasons, the Court of Appeals' denial of the petition for a writ of prohibition is affirmed in part and reversed in part, and this cause is remanded to the trial court for further consistent proceedings.
IT IS SO ORDERED.
All concur.
NOTES
[1] Farm Bureau states that this case settled prior to the filing of the petition for writ of prohibition.
[2] KRS 304.12-230(6), (7), and (8).
[3] Ky., 58 S.W.3d 884 (2001).
[4] The trial court bifurcated the bad faith claim against Farm Bureau asserted by Adams.
[5] Bender v. Eaton, Ky., 343 S.W.2d 799, 800 (1961).
[6] Id. at 800-01.
[7] Craft v. Commonwealth, Ky., 343 S.W.2d 150, 151 (1961).
[8] Smothers v. Lewis, Ky., 672 S.W.2d 62, 64 (1984).
[9] CR 16(1)(f).