**KENTUCKY RIVER COMMUNITY CARE, INC., Appellant,**

v.

**Creeda STALLARD; Commonwealth of Kentucky, Hon. Samuel T. Wright, III, Special Judge, Real Party in Interest, Appellees.**

No. 2007–CA–002013–MR.

Court of Appeals of Kentucky.

Dec. 19, 2008.

Discretionary Review Denied by Supreme Court Oct. 21, 2009.

Michael J. Schmitt, Paintsville, KY, for appellant.

Daniel F. Dotson, Whitesburg, KY, for appellee, Creeda Stallard.

Before COMBS, Chief Judge; KELLER, JUDGE; HENRY,[1] SENIOR JUDGE.

*OPINION*

COMBS, Chief Judge.

Kentucky River Community Care (KRCC) appeals from an order of the Breathitt Circuit Court imposing upon it a fine of $40,500 plus the costs of mediation and attorney fees. After our review, we vacate and remand this matter to the Breathitt Circuit Court.

Appellee Creeda Stallard (Stallard), who had been treated as a patient at KRCC, was sexually assaulted by another patient during her stay in the Bailey Center location. She later filed suit against KRCC. On November 16, 2006, the Breathitt Circuit Court entered a mediation order that included the following language:

> The parties or their authorized representatives and the adjustor shall have full authority to settle at the mediation conference. . . . The full authority of any representative of an insurer shall be documented in writing prior to the commencement of the mediation and shall be filed with the Clerk of the Court.

KRCC mailed copies of the order to its insurer, Kentucky Association of Counties All Lines Fund (KACo), on November 20, 2006, and March 6, 2007. Although the letter of full authority had not been filed, the mediation took place on March 15, 2007. The parties failed to reach a settlement, and on April 12, 2007, Stallard filed a motion to compel and requested sanctions against KRCC for failure to file the certification of authority.

On May 1, 2007, the trial court issued a second order and re-scheduled a second mediation for the month of July. One week later, on May 8, 2007, the court entered an order imposing sanctions on KRCC, including total costs of the March mediation, attorney fees, and a fine of $500 per day "until the parties return to mediation." On May 18, 2007, KRCC filed a motion to vacate the order, which the court denied on September 6, 2007. This appeal followed.

KRCC contends that the trial court did not have authority to require or to enforce the directives of the certification letter as it exceeded the bounds of the Model Mediation Rules. It is true that the Supreme Court of Kentucky has adopted the Model Mediation Rules, which do not require the letter of full authority; *Kentucky Farm Bureau Mut. Ins. Co. v. Wright,* 136 S.W.3d 455, 459 (Ky.2004). KRCC claims that *Wright* precluded the trial court from adding extra elements to the requirements of the Model Mediation Rules. However, *Wright* is distinguishable because it involved sanctions imposed by the court **for failure to achieve** a settlement. Our Supreme Court has endorsed the full authority requirement as conforming with the rules, citing long-standing precedent in support of a fluid concept of mediation:

> . . . as an aid in the orderly dispatch of litigation, courts are vested with the

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

right to adopt and promulgate reasonable rules for the guidance of litigants and their counsel and which they are as much under duty to observe as if the rules had been created by statutory enactment in the form of a Code of Practice.

*Warfield Natural Gas Co. v. Allen,* 236 Ky. 358, 33 S.W.2d 34, 35 (1930).

Though the Model Mediation Rules do not literally require certification of authority to be filed with the court, Rule 8 mandates that any insurer involved must be represented at mediation by a representative with full settlement authority. We are persuaded that the order of the court was a reasonable means of ensuring compliance with this Rule and that it was reasonably tailored to avoid protracting the litigation because of improper mediation. The trial court did not exceed its authority with this requirement. The issue becomes a question of who bore responsibility for filing the letter of certification. However, we need not address or attempt to resolve that ultimate issue of whether KRCC or KACo bore the responsibility to comply with the mediation order. The fact is that the court imposed hefty sanctions on KRCC, and the propriety of those sanctions is the real issue before us on appeal.

■ KRCC contends that even if it should have assumed responsibility for filing the certification of authority, the fine imposed amounted to an abuse of discretion as it should have had the opportunity for a jury trial prior to having sanctions imposed. We agree.

■ In its order of August 30, 2007, overruling KRCC's motion to vacate, the trial court noted that the sanctions imposed on KRCC were punitive. In effect, this amounted to a citation for contempt. *Contempt* is defined as "the willful disobedience toward or open disrespect for, the rules or orders of a court." *Common-*

*wealth v. Burge,* 947 S.W.2d 805, 808 (Ky. 1996). Courts have nearly unfettered discretion in issuing contempt citations. *Smith v. City of Loyall,* 702 S.W.2d 838, 839 (Ky.App.1986). Therefore, we are governed by the high standard of review as to whether the trial court abused its discretion. *Meyers v. Petrie,* 233 S.W.3d 212, 215 (Ky.App.2007). Our Supreme Court has defined *abuse of discretion* as conduct by a court in acting arbitrarily, unreasonably, unfairly, or in a manner "unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999).

■ Contempt can be civil or criminal in nature. Civil contempt is "the failure ... to do something under order of court, generally for the benefit of a party litigant." *Burge, supra.* The U.S. Supreme Court has held that because those cited with contempt "carry 'the keys of their prison in their own pockets,'" the offense is civil rather than criminal contempt. *Shillitani v. United States,* 384 U.S. 364, 368, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966), quoting *In re Nevitt,* 117 F. 448, 461 (8th Cir.1902). The purpose of holding one in civil contempt is **to compel some action.** *Crook v. Schumann,* 292 Ky. 750, 167 S.W.2d 836, 840 (1942).

■■ By contrast, criminal contempt is conduct that demonstrates disrespect toward the court, obstructs justice, or brings the court into disrepute. *Meyers, supra.* "If the court's **purpose is to punish,** the sanction is criminal contempt." (Emphasis added.) *Burge, supra.* Criminal contempt may be direct or indirect. Direct contempt involves an act committed in the presence of the court; indirect contempt is a violation that "is committed outside the presence of the court and requires a hearing and the presentation of evidence to establish a violation of the court's order." *Id.* In the case of criminal contempt, all elements, including willful disobedience,

must be proven beyond a reasonable doubt, and the accused has the right to a jury trial if the fine is "serious." *Brockman v. Commonwealth,* 185 S.W.3d 205, 208 (Ky.App.2005).

In the case before us, the sanctions were imposed to punish for conduct already committed rather than to compel future action. The trial court issued an order for a second mediation one week before it issued the order imposing the fine. The fine was calculated on a daily basis up to the **date of the second mediation.** It was not contingent upon the filing of a certificate of authority but rather as a reprisal for the failure to file it after the fact. The contempt of court was, therefore, criminal rather than civil as it involved punishment for a past act or omission rather than an attempt to compel a future act. Additionally, the failure to file the certification of authority occurred outside the presence of the court. Thus, the order was equivalent to a citation for indirect criminal contempt. In *Brockman,* a fine of $825 satisfied the threshold of seriousness required to merit a jury trial. In this case, the fine totalled $40,500, plus costs and attorney's fees. Accordingly, due process compelled that KRCC be entitled to a jury trial. See *Philip Morris USA v. Williams,* 549 U.S. 346, 127 S.Ct. 1057, 1063, 166 L.Ed.2d 940 (2007).

We vacate the order of the Breathitt Circuit Court denying KRCC's motion to vacate, and we remand for a trial to determine whether KRCC was guilty of contempt. Any arguments relating to the proper role or arguable liability of KACo presumably can be raised by KRCC at that trial.

ALL CONCUR.