PARKER, Justice (dissenting).
(dissenting).
I respectfully dissent because I believe that the statutory limitation in § 34-24-367, Ala.Code, 1975,[1] imposed on the authority of the circuit courts to issue a judicial stay of an order of the Medical Licensure Commission is unconstitutional in that it violates both certain powers prescribed to the judiciary in § 142, Ala. Const. 1901 (Off.Recomp.) (derived from § 6.04, Amend. No. 328), and the separation-of-powers mandates of §§ 42 and 43, Ala. Const.1901.
Section 142 expressly grants the power to issue writs to circuit courts:
*416 “(a) The state shall be divided into judicial circuits. For each circuit, there shall be one circuit court having such divisions and consisting of such number of judges as shall be provided by law.
“(b) The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law. The circuit court may be authorized by law to review decisions of state administrative agencies and decisions of inferior courts. It shall have authority to issue such units as may he necessary or appropriate to effectuate its powers, and shall have such other powers as may be provided by law.”
(Emphasis added.) An injunction is more precisely a writ of injunction. 1 Howard C. Joyce, A Treatise on the Law Relating to Injunctions § 1, at 2-3 (1909). A “su-persedeas” is also termed a “writ of super-sedeas.” Black’s Law Dictionary 1479 (8th ed.2004). In my view, § 34-24-367, by attempting to conditionally proscribe an injunction or supersedeas, violates the constitutional grant of authority to circuit courts in § 142.
In Ardt v. Illinois Department of Professional Regulation, 154 Ill.2d 138, 607 N.E.2d 1226, 180 Ill.Dec. 713 (1992), the Illinois Supreme Court found a statutory prohibition of the entry of a stay by a reviewing court unconstitutional:
“The United States Supreme Court examined the effect on due process of a statutory prohibition of stays in Porter v. Investors Syndicate (1932), 286 U.S. 461, 52 S.Ct. 617, 76 L.Ed. 1226. In that case, the Court overcame due process concerns by construing a Montana statute in such a way as to allow a court to stay revocation of a permit pending judicial review. The Court stated that ‘where either the plain provisions of the statute [citation] or the decisions of the state court interpreting the act [citation]
“Addressing State constitutional concerns, the court in Smothers v. Lewis (Ky.1984), 672 S.W.2d 62, held unconstitutional a statute forbidding courts to stay, pending appeal, the revocation or suspension of liquor licenses by the State alcoholic beverage control board. The Smothers court stated that, in addition to judicial and rulemaking powers vested in the court system by the State constitution, the courts have inherent powers to do that which is reasonably necessary within the scope of their jurisdiction. The court concluded:
“ ‘Once the administrative action has ended and the right to appeal arises the legislature is void of any right to control a subsequent appellate judicial proceeding. The judicial rules have come into play and have preempted the field.’ (Smothers, 672 S.W.2d at 64.)
“We agree with the Smothers court that a court of review has the inherent power to issue injunctions. We further agree that to allow a court the ability to right a possible wrong by granting an appeal while denying it the power to defer imposition of a penalty attached to that wrong would be to deny the court its inherent right to make effective its constitutional grant of power.”
Ardt, 154 Ill.2d at 150, 607 N.E.2d at 1231-32, 180 Ill.Dec. at 718-19.
While both the court in Ardt and the court in Smothers v. Lewis, 672 S.W.2d 62 (Ky.1984), based their determinations of the uneonstitutionality of the respective statutes on the inherent power of courts and express constitutional provisions of *417 separation of powers, a circuit court of Alabama has an express constitutional grant of power to issue writs as needed “to effectuate its powers,” in addition to the strict separation-of-powers provisions in §§ 42 and 43. Therefore, the case here is even stronger that the effective prohibition of a stay in § 34-24-367 is unconstitutional.
Accordingly, I respectfully dissent from quashing the writ.

. Section 34-24-367 provides:
"Judicial review of the orders and decisions of the Medical Licensure Commission shall be governed by the provisions of Section 41-22-20 (the Alabama Administrative Procedure Act); provided however, that the following procedures shall take precedence over the provisions of Section 41-22-20(c) relating to the issuance of a stay of any order of the licensure commission suspending or revoking a license to practice medicine. The suspension or revocation of a license to practice medicine shall be given immediate effect, it being the expressly stated legislative purpose and intent that the imposition of the penalty of suspension or revocation of a license to practice medicine shall create a presumption that the continuation in practice of the physician constitutes an immediate danger to the public health, safety, and welfare. No stay or su-persedeas shall be granted pending judicial review of a decision by the licensure commission to suspend or revoke a license to practice medicine unless a reviewing court, upon proof by the party seeking judicial review, finds in writing that the action of the licensure commission was taken without statutory authority, was arbitrary or capricious, or constituted a gross abuse of discretion. An order of the licensure commission temporarily suspending a license to practice medicine under the authority of Section 34-24-361(f) shall not be stayed pending judicial review permitted under Section 41-22-20 of any preliminary, procedural, or intermediate ruling or decision of the licen-sure commission unless the reviewing court, upon proof by the party seeking judicial review, finds in writing that the action of the licensure commission was taken without statutory authority, was arbitrary or capricious, constituted a gross abuse of discretion or was made in violation of the requirements of Section 41-22-19(d). Notwithstanding any other provision of law to the contrary, any action commenced for the purpose of seeking judicial review of the administrative decisions of the Medical Li-censure Commission, including writ of mandamus, or judicial review pursuant to the Alabama Administrative Procedure Act, Chapter 22 of Title 41, must be filed, commenced, and maintained in the Alabama Court of Civil Appeals.”
(Emphasis added.)