RENDERED: MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0323-MR

JOSEPH GRIZZ                                          APPELLANT

v.                APPEAL FROM JEFFERSON CIRCUIT COURT
               HONORABLE A. CHRISTINE WARD, JUDGE
               ACTION NO. 19-D-500070-001

NADINE MORRIS                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, JONES, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Joseph Grizz appeals from an order of contempt entered by the Jefferson Family Court. The family court found he failed to demonstrate good cause for violating the domestic violence order (DVO) entered against him. After a thorough review of the record and applicable legal authority, we affirm.

The facts and procedural history began on January 7, 2019, when Nadine Morris filed a petition for an emergency protective order (EPO). Following a hearing held ten days later, the Jefferson Family Court issued a DVO

for three years' duration (effective until January 17, 2022). Kentucky Revised Statute (KRS) 403.750. Among other conditions, the DVO required Grizz to attend a batterers' intervention program (BIP), and it forbade his owning or attempting to purchase a firearm.

Within three months' time, Grizz had failed to comply by being discharged from the BIP because of his "poor attendance." A summons was issued for him to appear before the family court on July 25, 2019. When Grizz failed to appear on that date, a bench warrant was issued for his arrest. On July 29, 2021, Grizz appeared before the family court after his arrest. The court released him on his own recognizance but ordered that Grizz re-enroll in the BIP and appear again the following September 2.

Once again, Grizz was not compliant, and the family court issued a show cause order. Grizz failed to appear on the date scheduled for the show cause hearing. A contempt order was issued on September 23, 2021; Grizz was to be sentenced after his arrest on the bench warrant issued on that date.

On January 2, 2022, while the DVO was still in effect (and with the outstanding bench warrant issued against him), Grizz attempted unsuccessfully, at two separate locations, to purchase firearms in McKee, Kentucky.

The bench warrant was finally served on Grizz on February 19, 2022. He made a court appearance two days later. The family court appointed counsel to

represent Grizz and continued the matter until February 24, 2022. At the show cause hearing held that date, Grizz argued that the court no longer had jurisdiction over him since the DVO had expired on January 17, 2022, and therefore he was no longer bound under its terms. The family court disagreed, holding that its contempt powers extended beyond the DVO's expiration. The court offered Grizz the option of conditional discharge (namely, 90 days' incarceration, conditionally discharged for two years) if he were to complete the BIP. Grizz accepted, but he reserved the right to appeal the jurisdiction issue. The family court's order to that effect was entered on the date of the hearing (with review of compliance set for a month hence), and Grizz appealed.

We begin by stating our standard of review, namely:

> [A] trial court has broad authority when exercising its contempt powers; consequently, our review is limited to a determination of whether the court abused its discretion. *Kentucky River Community Care, Inc. v. Stallard*, 294 S.W.3d 29, 31 (Ky. App. 2008). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000). The trial court's underlying findings of fact are reviewed for clear error. *Commonwealth, Cabinet for Health and Family Servs. v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011).

> . . . .

> Contempt is defined as "the willful disobedience of or the open disrespect for the court's orders or its

-3-

rules." *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. App. 2007) (citing *Newsome v. Commonwealth*, 35 S.W.3d 836, 839 (Ky. App. 2001)). "Contempt may be either civil or criminal, depending upon the reason for the contempt citation." *Crowder v. Rearden*, 296 S.W.3d 445, 450 (Ky. App. 2009).

"A civil contempt occurs when a party fails to comply with a court order for the benefit of the opposing party, while criminal contempt is committed by conduct against the dignity and authority of the court." *Smith v. City of Loyall*, 702 S.W.2d 838, 839 (Ky. App. 1986). "It is not the fact of punishment but rather its character and purpose, that often serve to distinguish civil from criminal contempt." *Commonwealth v. Burge*, 947 S.W.2d 805, 808 (Ky. 1996) (internal quotation marks and citation omitted).

"In a civil contempt proceeding, the initial burden is on the party seeking sanctions to show by clear and convincing evidence that the alleged contemnor has violated a valid court order." *Ivy*, 353 S.W.3d at 332 (citation omitted). "Once the moving party makes out a prima facie case, a presumption of contempt arises, and the burden of production shifts to the alleged contemnor to show, clearly and convincingly, that he or she was unable to comply with the court's order or was, for some other reason, justified in not complying." *Id.* (citing *Clay v. Winn*, 434 S.W.2d 650 (Ky. 1968)).

*Nienaber v. Commonwealth ex rel. Mercer*, 594 S.W.3d 232, 235-36 (Ky. App. 2020).

Here, the family court's finding was one of civil contempt for Grizz's failure to comply with its previous orders that he attend a batterer's intervention program and for his violation of the proviso against owning or attempting to

purchase any firearms. Grizz violated the DVO numerous times and after multiple opportunities offered by the family court. All violations occurred during the DVO's effective period. Only the hearing itself was held outside those parameters and necessarily so since Grizz was evading appearance before the family court. In fact, it was only after his incarceration on a different charge that the bench warrant against him was able to be served. To hold otherwise would enable deliberate contravention and evasion of court orders without consequences.

We have reviewed the record in its entirety and find no abuse of discretion in the circuit court's order holding Grizz in contempt. The family court's findings are supported by substantial evidence and its conclusions by "sound legal principles." *Nienaber*, 594 S.W.3d at 235. As in *Nienaber*, "we cannot hold that the family court abused its discretion in imposing a period of conditional discharge in this case." *Id.*

Accordingly, we affirm the contempt order of the Jefferson Family Court.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Catherine L. Vining
Louisville, Kentucky