COMMONWEALTH of Kentucky, ex rel.
Deborah Louise Clark BAILEY
(Now Bowles) Appellant,

v.

Donald Ray BAILEY, Appellee.

No. 96–CA–2223–MR.

Court of Appeals of Kentucky.

May 29, 1998.

Joseph H. Conley, Carlisle, for Appellant.

Mark Wettle, Louisville, for Appellee.

Before COMBS, GUIDUGLI and
JOHNSON, JJ.

COMBS, Judge.

The appellant, the Commonwealth of Kentucky, Ex Rel. Deborah Louise Clark Bailey (now Bowles), appeals from the order of the Nicholas Circuit Court dismissing its motion to hold the appellee, Donald Ray Bailey (Bailey), in civil contempt for failure to pay child support. The court found that Donald's criminal conviction of flagrant nonsupport barred any further incarceration with regard to his child support obligation.

On September 20, 1984, the marriage of Donald Bailey and Deborah Bowles was dissolved by decree of the Nicholas Circuit Court. Deborah was awarded sole custody of the couple's minor daughter, and Bailey was ordered to pay $50.00 per week in child support. On January 16, 1986, the Nicholas Circuit Court issued an order for Bailey's arrest to hold him in contempt for failing to pay child support and to appear in court. After agreeing to resume child support payments and to make payments on the arrearage, he was released from custody.

In November, 1987, the court entered an order for assignment of Bailey's wages; however, no child support was collected pursuant to this order. Shortly thereafter, he was charged with flagrant nonsupport (KRS 530.050). Bailey pled guilty to flagrant nonsupport, and he was sentenced to two years' imprisonment on July 22, 1991. The court probated his sentence for five years on the condition that he make payments of $100.00 per month towards the $15,617.20 arrearage of past due child support.[1] On March 10, 1992, Bailey's probation was revoked for failure to pay the $100.00 per month as ordered, and his two-year sentence of imprisonment was reinstated.

Bailey completed his sentence in January, 1993. Upon his release from prison, Bailey did not make any payment on the accrued past due child support. Thus, upon the appellant's motion, the circuit court issued a Show Cause Order for Civil Contempt as to his failure to pay the past due child support. On February 7, 1996, a warrant was issued for his arrest for failure to comply with the court's order. After conducting a hearing on the matter, the court entered an order on July 10, 1996, dismissing the appellant's motion to hold Bailey in civil contempt for failure to make payments on the child support arrearage. The court found that Bailey's "criminal conviction and subsequent service of sentence preclude[d] further incarceration for the same conduct, i.e., failure to pay the same child support obligation." The Commonwealth filed this appeal.

The Commonwealth argues on appeal that the court erroneously dismissed its motion on the basis of double jeopardy. It contends that this action involves civil sanctions for failure to comply with the court's order in a dissolution action. As this is not a criminal prosecution, double jeopardy has not attached and Bailey's criminal conviction should not act as a bar to civil contempt sanctions. Conversely, Bailey argues that incarcerating him for civil contempt would actually serve as imposing the same punishment twice. He contends that his conviction was based upon the same arrearage as the civil contempt motion; therefore, double jeopardy should bar further punishment.

The double jeopardy clause of the Fifth Amendment to the United States Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Section 13 of the Kentucky Constitution also contains a similar prohibition against double jeopardy. Double jeopardy prohibits: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Double jeopardy does not occur when a person is charged with two crimes arising from the same course of conduct as long as each statute "requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

1. On September 4, 1991, the Nicholas Circuit Court entered an order incorporating an adoption agreement which terminated Bailey's parental rights and eliminated any *future* obligation of child support.

Civil and criminal sanctions can arise from the same conduct; the double jeopardy clause prohibits attempting a second time to punish criminally for the same offense. *One Lot Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). Thus, a person convicted of nonsupport or flagrant nonsupport may also be subjected to civil action—although both the criminal and the civil actions are based upon the same failure to pay support. In this case, Bailey's criminal conviction does not preclude civil action against him to collect child support arrearage. The circuit court erroneously found that Bailey's conviction precluded additional incarceration on civil contempt charges on grounds of double jeopardy.

■ Having determined that Bailey's conviction does not bar civil action to collect child support, we now turn our attention to the nature of the contempt proceeding brought against him. The use of contempt proceedings as a means to enforce child support payments has long been judicially approved in this state. *Goodman v. Goodman*, Ky.App., 695 S.W.2d 865 (1985); *Commonwealth v. O'Harrah*, Ky., 262 S.W.2d 385 (1953). Contempt is the willful disobedience of—or open disrespect for—the rules or orders of a court. *Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1996). Contempt may be either civil or criminal. Civil contempt involves the failure of one to do something under order of court—generally for the benefit of a party litigant. *Burge, supra.* The purpose of civil contempt is to coerce rather than to punish—to compel obedience to and respect for an order of the court. The primary characteristic of civil contempt is the fact that the contemnors "carry the keys of their prison in their own pocket." *Blakeman v. Schneider*, Ky., 864 S.W.2d 903 (1993).

■ Criminal contempt is conduct "which amounts to an obstruction of justice and which tends to bring the court into disrepute." *Gordon v. Commonwealth*, 141 Ky. 461, 463, 133 S.W. 206, 208 (1911). It seeks to punish conduct which has already occurred rather than to compel a course of action. It is the purpose of the punishment (rather than the fact of punishment *per se*) that distinguishes civil from criminal contempt.

*Blakeman, supra.* If the court's purpose is to punish, the sanction is criminal contempt. If the court's purpose is to goad one into action or to compel a course of conduct, the sanction is civil contempt.

Thus, we must determine whether the purpose of imprisoning Bailey a second time for contempt constitutes punishment or whether its purpose is essentially remedial; *i.e.*, whether it seeks to compel him to comply with the support order.

■ Even if we determine its purpose to be civil (coercive), its exercise may still not be proper. The power of contempt cannot be involved to compel the doing of an impossible act. *Lewis v. Lewis*, Ky., 875 S.W.2d 862 (1993). If the contemnor has absolutely no opportunity to purge himself of contempt, then such imprisonment is punitive in nature regardless of a civil "label" and is tantamount to a proceeding for criminal contempt—a circumstance triggering the prohibition against double jeopardy. An inability to comply must be shown clearly and categorically by the defendant, and the defendant must prove that he took all reasonable steps within his power to insure compliance with the order. *Lewis, supra.*

In this case, the record contains no findings by the trial court as to whether Bailey has made any attempt to comply with the court's order or whether he has the financial ability to make such payments in future compliance with the court's order. We therefore remand this case and direct the court to make such findings. If Bailey is found to have the ability to pay and thereby to possess the financial means to purge himself of contempt the court can then find him to be in civil contempt and may imprison him in order to compel compliance with its order. If the court finds that Bailey lacks the ability to pay, the court may in its discretion fashion a remedy to address the arrearage still owed.

In summary, we hold that double jeopardy does not imply that Bailey's prior criminal conviction for flagrant nonsupport bars a civil action to collect child support arrearages— even where imprisonment may result following the civil action. The court erred in automatically dismissing the Commonwealth's motion for a show cause order in civil contempt based upon double jeopardy concerns.

While it may reach the same result upon remand, it must first inquire as to the substantive purpose of the punishment—whether the second punishment of imprisonment be truly civil in nature (and thereby permissible) or merely a subterfuge for criminal reprisal (thereby barred). The order of the circuit court is vacated and remanded with directions for the court to make findings consistent with this opinion.

For the foregoing reasons, we vacate and remand the Nicholas Circuit Court's order.

GUIDUGLI, J., concurs.

JOHNSON, J., concurs in result.