**Michael Allen GRANT, Appellant,**

v.

**Hon. Ronnie C. DORTCH, Appellee.**

**No. 1997–CA–001753–MR.**

Court of Appeals of Kentucky.

April 23, 1999.

As Modified May 7 and 27, 1999.

Michael Allen Grant, Eddyville, pro se. No brief for appellee.

Before: GUDGEL, Chief Judge, COMBS and McANULTY, Judges.

## OPINION

McANULTY, Judge.

This is a *pro se* appeal from an order of the Butler Circuit Court, holding Appellant Michael Grant in contempt for comments made concerning the trial court in a letter addressed to an attorney and courtesy copied to the trial court. Because we find that Appellant was not afforded due process in the hearing, we vacate and remand for a new hearing.

Appellant is an inmate legal aide and was assisting a fellow inmate, Michael Belcher, in his attempt to gain visitation rights with his child. In the course of Mr. Belcher's litigation, a letter signed by Appellant was mailed to an attorney participating in the litigation. The letter criticized the actions of the addressee as well as the conduct of the trial court. The letter included the language "cc: Judge Butler Circuit Court[,] file."

Upon receipt of the letter the trial court issued a show cause order against Appellant. The trial court scheduled a hearing and appointed counsel a few minutes prior to the hearing to represent the Appellant, who was present. Appellant, through counsel, moved for a continuance. The trial court denied the motion.

During the hearing, the trial court afforded the Appellant several opportunities to address and explain his actions. Appellant's main response was that he had written the letter but that he had not mailed the letter so he should not be held in contempt. Appellant also argued that the letter was meant to be a confidential communication between him and the attorney. However, Appellant never explained why a copy was sent to the trial court. At the close of the hearing, the trial court found Appellant to be in contempt and sentenced him to six months in the county jail following his release from prison.

■ A brief recitation of the law regarding contempt of court is helpful at this point. In *Commonwealth v. Bailey*, Ky. App., 970 S.W.2d 818 (1998), the Supreme Court defined contempt as "the willful disobedience of—or open disrespect for—the rules or orders of a court." (citing *Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1996)). Contempt of court is either civil or criminal in nature. While civil contempt involves the failure of one to do something under order of the court, *Burge, supra*, criminal contempt is conduct "which amounts to an obstruction of justice and which tends to bring the court into disrepute." *Bailey, supra* (citing *Gordon v. Commonwealth*, 141 Ky. 461, 463, 133 S.W. 206, 208 (1911)).

Criminal contempt is further divided into two categories, direct and indirect. *Burge, supra* at 808. The Supreme Court explains the distinction as follows:

A direct contempt is committed in the presence of the court and is an affront to the dignity of the court. It may be punished summarily by the court, and requires no fact-finding function, as all the elements of the offense are matters within the personal knowledge of the court. *In re Terry*, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888). Indirect criminal contempt is committed outside the presence of the court and requires a hearing and the presentation of evidence to establish a violation of the court's order. It may be punished only in proceedings that satisfy due process. *Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925).

*Id.* The due process concerns are addressed in *Miller v. Vettiner*, Ky., 481 S.W.2d 32 (1972), which provides that factual issues in an allegation of contempt may be determined on the basis of a hearing in which the alleged offender is afforded a fair opportunity to present a defense.

*Miller* further cautions that the court may not impose a fine greater than $500 and incarceration for more than six months except upon the unanimous verdict of a jury finding the offender guilty of contempt beyond a reasonable doubt. *Id.* at 35. These limitations were adopted from the U.S. Supreme Court decision in *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), which held that where the contempt is equated with a serious crime, one punishable by a fine in excess of $500 or a term of in excess of six months, the accused is entitled to a jury trial.

■ The Court now applies these guiding principles to the facts of this case. The contemptuous act involved here was the criticizing and derogatory statements made regarding the actions of the trial court. As previously mentioned, the statements were written in a letter and a copy was sent to and filed with the trial court. It is clear therefore that the contempt involved is criminal rather than civil. Appellant is not guilty of refusing to follow an order, but of disrespecting the court.

■ Having established that the type of contempt is criminal, we cannot say that it is so clear whether this case involves direct or indirect contempt. While the statements were not made in the presence of the court, they were written in a letter which was then sent to the court. The trial court needed no determination as to the statements made; however, it did need to verify that the letter was written by Appellant. As such, we believe that this is an indirect contempt, which necessarily requires a hearing and is governed by due process.

At first blush, it would seem that all is well with the proceedings below because the trial court did in fact grant a hearing on the issues and Appellant was present at the hearing. However, the cause for concern is the appointment of counsel for the Appellant only minutes before the hearing was scheduled. The record reflects that the show cause order was dated April 17,

1997, and the hearing was set for May 13, 1997. There was certainly plenty of time for the trial court to appoint counsel a few weeks before the hearing, thus permitting the appointed counsel to confer with and advise Appellant. Nevertheless, when Appellant asked for a continuance on the grounds that he had not had sufficient time to confer with his attorney and prepare a defense, the motion was denied.

■ The trial court has broad discretion in granting or denying a continuance. *Pelfrey v. Commonwealth*, Ky., 842 S.W.2d 524, 525 (1993). This Court will not reverse for failure to grant a continuance absent a showing that the trial court abused its discretion. *Abbott v. Commonwealth*, Ky., 822 S.W.2d 417, 418 (1992).

■ As previously stated, *Miller v. Vettiner, supra*, requires that the alleged offender be given a fair opportunity to present a defense. In this case and under these circumstances, we believe that permitting the accused to speak with an attorney for the first time for a few minutes prior to the hearing does not constitute a fair opportunity to present a defense. Accordingly, we hold that the trial court abused its discretion in denying the motion for a continuance.

Next, Appellant offers several arguments as to why he cannot be found in contempt of court. We address these briefly. Appellant first contends that he was found in contempt in violation of KRS 432.240. This statute provides that:

No court or judge shall proceed by process of contempt or impose a fine against any person who animadverts upon or examines into the proceedings or conduct of such court or judge, by words spoken or writing published, not in the presence of the court or judge in the courthouse during the sitting of the court.

In this case, while the disrespectful language was not uttered "in the presence of the court or judge in the courthouse during the sitting of the court," it was made

part of the record by sending a copy to the trial court and to the file. Although we believe that this is tantamount to commenting in the presence of the judge, there still remains the question as to the identity of the author. Nevertheless, a court cannot be expected to allow these willful challenges to go unpunished.

Appellant also submits that he cannot be held in contempt in that he wrote the letter but did not actually mail the letter. The trial court found it sufficient that Appellant signed the letter and included the language "cc: Judge Butler Circuit Court[,] file." We agree.

The decision of the trial court finding Appellant in contempt is hereby vacated and remanded for a new hearing in which Appellant is afforded the opportunity to prepare and present a defense. Upon remand, the trial court should serve notice upon the Appellant of the date of the new hearing and appoint counsel well in advance of the hearing so as to allow counsel to adequately prepare.

COMBS, Judge, concurs.

GUDGEL, Chief Judge, concurs in result only.