**Robert Denzil NEWSOME, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1999–CA–001641–MR.

Court of Appeals of Kentucky.

Jan. 5, 2001.

---

19. Ky., 769 S.W.2d 42 (1989).

Harry Davis Williams, Paintsville, for appellant.

Robert Denzil Newsome, pro se.

Albert B. Chandler III, Frankfort, for appellee.

Before BARBER, HUDDLESTON and SCHRODER, Judges.

## OPINION AND ORDER

HUDDLESTON, JUDGE.

This opinion and order concerns interlocutory orders entered by this Court addressing the failure of counsel for appellant, Harry Davis Williams, to comply with the procedural requirements of this Court and with subsequent orders entered by this Court seeking compliance.

Appellant, through counsel, timely filed a notice of appeal from a Martin Circuit Court judgment on April 29, 1999. On December 3, 1999, this Court entered an order giving appellant twenty days to show cause why this appeal should not be dismissed for failure to file a brief. Appellant, through counsel, did not respond to this order.

On January 12, 2000, this Court entered an order dismissing the appeal and ordering counsel for appellant, Harry Davis Williams, to certify to this Court on or before twenty days from the date of entry of the order that appellant had been served with a copy of the December 3, 1999, show cause order and a copy of the January 12, 2000, order dismissing the appeal. Williams did not comply with this order.

On March 14, 2000, this Court ordered Williams to show cause why he should not be sanctioned in the amount of $100.00 for failure to comply with this Court's order of January 12, 2000. Williams was directed to file the certification requested in the January 12, 2000, order, and to further certify to this Court that he had served appellant with a copy of the sanctions show cause order, in addition to filing a response or paying the fine. The order instructed Williams that he could request a hearing before a three-judge panel of this Court. The order was served on Williams by certified mail, return receipt requested; and this Court received the receipt signed by Williams. Williams did not respond to the show cause order, remit the sanction of $100.00, or provide the certifications required by this Court.

On May 3, 2000, this Court ordered Williams to remit a sanction of $100.00 and provide the certification as requested in this Court's January 12, 2000, order on or before twenty days from and after the entry of the order. Williams was given a second opportunity to seek a hearing before a three-judge panel of this Court and was notified that the failure to remit the sanction and provide the certifications could result in counsel being asked to show cause why he should not be held in contempt. The order was served on Williams by certified mail, return receipt requested; and this Court received the receipt signed by Williams. Williams did not remit the sanction of $100.00 or provide the certifications.

On June 26, 2000, this Court ordered Williams to appear before the Court on July 18, 2000, at 11:30 a.m., EST, to show cause why he should not be held in contempt of court. The order was served on Williams by certified mail, return receipt requested; and this Court received the receipt signed by Williams. Williams did not appear before this Court as directed in this Court's order of June 26, 2000.

On August 1, 2000, this Court held Williams in contempt for failure to comply

with this Court's orders of January 12, 2000; March 14, 2000; May 3, 2000; and June 26, 2000. The Court further ordered Williams to appear before this three-judge panel on September 12, 2000, at 11:30 a.m., EST. The order stated that failure to appear before the Court at that time could result in a bench warrant for Williams' arrest being issued. Williams was ordered to provide the certifications previously requested by this Court on January 12, 2000; to remit the $100.00 sanction; and to show cause why he should not be incarcerated and/or fined for his failure to comply with this Court's orders. Williams did not appear before this Court on September 12, 2000, as ordered.

 Power to punish for contempt is inherent in every court.[1] Any court or judge may punish any person guilty of contempt for disobeying a judicial order entered under the authority of the Court.[2] The Court of Appeals is vested with the authority to take appropriate action for a party's failure to comply with the rules of this Court.[3]

 Both this Court and the Kentucky Supreme Court have defined contempt as "the willful disobedience of—or open disrespect for—the rules or orders of a court."[4] Contempt of court may be civil or criminal in nature.[5] Civil contempt is the failure of one to do something under order of a court;[6] criminal contempt is conduct "which amounts to an obstruction of justice and which tends to bring the court into disrepute."[7] Criminal contempt is further categorized as direct or indirect.[8] In *Burge*, the Supreme Court defined direct criminal contempt:

> [D]irect contempt is committed in the presence of the court and is an affront to the dignity of the court. It may be punished summarily by the court, and requires no fact-finding function, as all the elements of the offense are matters within the personal knowledge of the court.[9]

 An individual who has committed indirect criminal contempt may be punished only in proceedings that satisfy due

---

1. *Arnett v. Meade*, Ky., 462 S.W.2d 940, 947 (1971); *Underhill v. Murphy*, Ky., 117 Ky. 640, 78 S.W. 482, 484 (1904). *See also Vuitton Et Fils S.A. v. J. Young Enterprises, Inc.*, 644 F.2d 769, 779 (9th Cir.1981) (courts of appeal have the power to punish contempt under authority exercised by order if allegations are true and court has jurisdiction over the matter).

2. Ky.Rev.Stat. (KRS) 432.280.

3. Kentucky Constitution § 111 (this Court "may issue all writs necessary in aid of its appellate jurisdiction") and § 116 (the Kentucky Supreme Court has the power to prescribe rules of practice and procedure for the court of justice); Sup.Ct.R. (SCR) 1.030(3) (the Court of Appeals may punish contempts); Ky.R.Civ.Proc. (CR) 73.02(2)(c) (failure of a party to comply with appellate rules relating to appeals may provide grounds for imposition of fines on counsel up to $500.00); KRS 22A.050 ("[t]he Court of Appeals may enforce its mandates by fine or imprisonment, or both").

4. *Commonwealth v. Bailey*, Ky.App., 970 S.W.2d 818, 820 (1998) (*citing Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1996)).

5. *Grant v. Dortch*, Ky.App., 993 S.W.2d 506, 507 (1999).

6. *Burge, supra*, n. 4, at 808.

7. *Gordon v. Commonwealth*, 141 Ky., 461, 463, 133 S.W. 206, 208 (1911).

8. *Burge, supra*, n. 4, at 808.

9. The U.S. Supreme Court also defined indirect criminal contempt as an act committed outside the presence of the court that requires a hearing and the presentation of evidence to establish a violation of the court's order. *Cooke v. United States*, 267 U.S. 517, 532–36, 45 S.Ct. 390, 394–95, 69 L.Ed. 767 (1925). *Burge, supra*, n. 4, at 808, *citing In re Terry*, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888).

process.[10] A court may not impose a fine greater than $500.00 and/or incarceration for more than six months except upon the unanimous verdict of a jury finding the individual guilty of contempt beyond a reasonable doubt.[11]

■ An attorney's failure to comply with a court order constitutes criminal contempt because it is directed against the dignity and authority of the court.[12] Williams did not comply with this Court's orders of January 12, 2000; March 14, 2000; May 3, 2000; June 26, 2000; and August 1, 2000. As a result of Williams' failure to comply with these orders, this Court found Williams in direct criminal contempt of this Court. The Court fined Williams an additional $100.00 for his failure to comply with this Court's orders, ordered his incarceration for thirty days for failure to comply with this Court's orders, suspended incarceration pending further order of the Court, and directed Williams to appear before a three-judge panel on October 3, 2000, at 12:00 noon, EST.

Williams finally appeared before this Court on October 3, 2000. Williams did not provide proof of compliance with any previous orders of this Court: he had failed to notify his client in writing that the client's appeal had been dismissed, he had failed to certify to this Court that he had notified his client that the client's appeal had been dismissed, he had failed to remit to this Court the two previous fines totaling $200.00 imposed by this Court, and he had failed to appear before this Court as ordered on September 12, 2000.

Therefore, on October 3, 2000, this Court held Williams in contempt and sen-

tenced him to Franklin County Jail for forty-eight hours. The Court suspended twenty-four hours of the sentence on condition that Williams pay the previously imposed $100.00 fines; notify his client in writing by United States certified mail, return receipt requested, that the client's appeal had been dismissed due to Williams' failure to file a brief with this Court; file with this Court a copy of the certification to his client and the returned certified mail receipt within twenty-five days from the date of entry of the order of contempt; and appear before this Court on October 31, 2000, at 11:30 a.m., EST.

On October 3, 2000, Williams remitted the two $100.00 fines. On October 26, 2000, Williams filed the notification of his client with a copy of the certified mail receipt attached with this Court. On October 31, 2000, Williams appeared before this Court. At the hearing, Williams orally moved this Court to supplement his October 26, 2000, response to this Court's October 3, 2000, order. The Court orally granted the motion. The supplemental response includes the return receipt from the notice to appellant that his appeal had been dismissed.

■ Inasmuch as Williams has complied with this Court's order of October 3, 2000, to notify his client in writing that the appeal was dismissed; to serve the notification on appellant by certified mail, return receipt requested; to file a copy of the notice sent to appellant and the return receipt with this Court; to pay the two $100.00 fines; and to appear before this Court on October 31, 2000, we hereby ORDER that the remainder of counsel's sentence which was suspended pending compliance with this Court's order be DISCHARGED.

10. *Id.*

11. *Miller v. Vettiner,* Ky., 481 S.W.2d 32, 35 (1972). *See also Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); CR 73.02(2)(c).

12. *Leibson v. Taylor,* Ky., 721 S.W.2d 690, 692 (1986). *See also Ketcham v. Commonwealth,* 204 Ky. 168, 170, 263 S.W. 725, 726 (1924).

On July 31, 2000, this Court received a *pro se* motion for belated appeal and a motion for appointment of counsel from Robert Denzil Newsome, the appellant in this case. This motion was returned to appellant, as he was represented by counsel. This Court retained a copy of the motion. We now ORDER that the retained copy of these motions be FILED, and treated as a motion to reinstate appeal and a motion for appointment of counsel.

The motion to reinstate is GRANTED. The Clerk of this Court is directed to return this case to the active docket on the date this opinion and order is entered. The motion for appointment of counsel is passed. Appellant is directed to file a motion to proceed *in forma pauperis* with the Clerk of this Court within twenty days from the date this opinion and order is entered. The motion shall be accompanied by an affidavit of indigency as provided in KRS 31.115 and a certified copy of appellant's prison account statement. Failure to file the motion to proceed *in forma pauperis* will result in an order being entered requiring appellant to proceed *pro se*. Proceedings in this appeal shall be stayed pending further order of this Court.

This Court believes that Williams has violated the Rules of Professional Conduct, as defined in the Rules of the Supreme Court.[13] Pursuant to SCR 4.300:

> A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Kentucky Rules of Professional Conduct should take appropriate action. A judge having knowledge that a lawyer has committed a violation of the Kentucky Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects should inform the appropriate authority.

The judges of this Court are therefore ethically obligated to report Williams' po-

tential violations to the disciplinary authorities of the Kentucky Bar Association. Therefore, we ORDER the Clerk of this Court to transmit a certified copy of this Court's January 12, 2000, order; March 14, 2000, order; May 3, 2000, order; June 26, 2000, order; August 1, 2000, order; September 13, 2000, order; October 3, 2000, order; the present opinion and order; and a copy of the *pro se* motion for belated appeal and appointment of counsel to the Kentucky Bar Association on the date this opinion and order is entered so that further disciplinary action as deemed appropriate may be taken against Williams.

ALL CONCUR.