Anthony THORNTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2011–CA–000032–MR.

Court of Appeals of Kentucky.

May 11, 2012.

J. David Niehaus, Assistant Public Advocate, Daniel T. Goyette, Assistant Public Advocate, Louisville, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, KY, for Appellee.

Before DIXON, KELLER and NICKELL, Judges.

*OPINION*

DIXON, Judge:

Anthony Thornton appeals from a judgment of the Jefferson Circuit Court finding him guilty of direct criminal contempt. Because we conclude the court's sentencing procedure violated Thornton's right to due process of law, we reverse and remand for a new sentencing hearing.

On July 16, 2009, and May 11, 2010, the trial court made verbal findings of direct

criminal contempt against Thornton due to improper courtroom behavior. On both occasions, the court suspended imposition of a sentence for contempt until Thornton's underlying criminal charges of assault and terroristic threatening were resolved. On December 1, 2010, a jury found Thornton not guilty by reason of insanity on the underlying crimes; thereafter, the court rendered a judgment sentencing Thornton to six months in jail for each count of contempt, to run consecutively.

On appeal, Thornton asserts, and the Commonwealth concedes, that the court abused its discretion by failing to conduct a hearing before imposing a sentence for contempt. In *Schroering v. Hickman,* 229 S.W.3d 591, 594 (Ky.App.2007), we explained that a trial court has broad discretion to summarily impose sanctions for direct criminal contempt. However, if the court delays imposing a sentence for contempt, the contemnor is entitled to exercise his due process right to be heard at a subsequent sentencing hearing. *Id.* at 594–95. In the case at bar, the court postponed imposing a sentence for the contempt charges until Thornton's trial concluded; consequently, the court committed reversible error by failing to hold a sentencing hearing before it rendered the final judgment of contempt on December 3, 2010. We reverse the judgment and remand for a new sentencing hearing that satisfies Thornton's right to due process.

For the reasons stated herein, we reverse the judgment of the Jefferson Circuit Court and remand for further proceedings.

ALL CONCUR.