Samuel E. BATTON, Appellant,

v.

COMMONWEALTH of Kentucky ex rel. Lisa–Ann H. NOBLE and Hon. Christopher J. Mehling, Judge, Kenton Circuit Court, Appellees.

No. 2010–CA–001056–ME.

Court of Appeals of Kentucky.

June 15, 2012.

Karen Shuff Maurer, Assistant Public Advocate, Frankfort, KY, for appellant.

Katherine McLindon, Assistant Kenton County Attorney, Covington, KY, for appellee.

Before CLAYTON and NICKELL, Judges; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge:

On March 25, 2011, this Court rendered an opinion affirming the revocation of Appellant Samuel E. Batton's conditional discharge because of his failure to pay child support. On November 16, 2011, the Supreme Court of Kentucky granted Appellant's motion for discretionary review, vacated this Court's decision, and remanded the case for further consideration in light of its opinion in *Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky.2011). After considering the holding in that case and applying it to the facts before us, we maintain our view that the trial court's determination was the correct one. Thus, we affirm.

## Facts and Procedural History

On August 1, 2007, a paternity complaint was filed naming Appellant as the father of a minor child. Genetic testing confirmed that Appellant was the father. On May 2, 2008, the trial court adjudicated Appellant to be the legal father of the child and ordered him to: (1) pay $175 per month in child support; (2) provide health insurance for the child; (3) pay $40 per month towards his accumulated child support arrearage; (4) pay $90 to cover the cost of the genetic testing; and (5) pay 50% of any unreimbursed medical expenses, daycare costs, and extracurricular activity costs. The trial court also ordered both parents to obtain a general equivalency diploma ("GED") and referred them to the YOUTHBUILD program.

On October 8, 2008, the Commonwealth filed an application for a show cause order due to Appellant's failure to make the required payments. A show cause hearing was held on April 1, 2009, at which time Appellant was found to be in civil contempt of court. Sentencing was continued until July 1, 2009. In the interim, Appellant was ordered to obtain his GED or to show enrollment in a GED program and to obtain employment or to provide written proof that he had submitted job applications. At sentencing, the trial court ordered Appellant to serve 15 days in jail. The court further sentenced Appellant to an additional 165 days to be conditionally discharged for two years as long as he remained current on his child support obligation and paid an additional $25 per month towards his child support arrearage. No appeal was taken from this order.

On October 30, 2009, the Commonwealth filed a motion to revoke Appellant's conditional discharge because of his continued failure to meet his child support obligation.[2] A hearing was held on April 7, 2010. At the hearing, it was revealed that Appellant was $4,285 in arrears, which in-

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes ("KRS") 21.580.

2. An affidavit filed with the motion reflected that Appellant's last payment was for $40 on May 19, 2009. He had also paid an additional $50.

cluded $1,575 since he had been found to be in contempt of court.

Appellant acknowledged his child support obligation but testified that he suffered from a number of mental health issues, including bipolar disorder, depression, and schizoid-affective disorder, and that he was unable to work because of these problems. Appellant's fiancé supplemented this testimony with her own first-hand accounts of Appellant's mental health issues. However, Appellant presented no medical testimony or other medical evidence to support his claim.[3] Appellant further indicated that he had a job working for his stepfather in May 2009 but that he had lost that job after fighting with another employee. Appellant had not worked since that time and did not believe that he could hold steady employment.

At the conclusion of the hearing, the trial court specifically found that Appellant: (1) had failed to present any medical evidence to support his claim of disability due to mental health issues as a reason for not making payments; (2) had a job at one time but lost it through his own fault because of fighting with another employee; and (3) had not made the child support payments required by previous orders. Because of this, the trial court revoked Appellant's conditional discharge and ordered him to serve 30 days in jail. The remaining 135 days of the original sentence was conditionally discharged for two years. A formal order revoking Appellant's conditional discharge was entered on April 23, 2010. Appellant subsequently filed a motion to reconsider or to suspend sentence pending appeal, which was denied on April 27, 2010. This appeal followed.

## Analysis

■ On appeal, Appellant argues that the trial court erred by failing to make a finding that he was unable to work—and to satisfy his child support obligation—due to his mental health issues. In our first opinion in this case, we determined that the trial court's findings of fact supported its rejection of this position. However, as noted above, our Supreme Court granted Appellant's motion for discretionary review and remanded the case for further consideration in light of its recent decision in *Commonwealth v. Marshall, supra.*

In *Marshall,* the Supreme Court considered appeals in two separate actions arising from motions to revoke probation for failure to pay child support. After conducting an extensive review of the applicable authority in such actions, the Supreme Court held:

[D]ue process requires that the trial court considering revocation for nonpayment of support (1) consider whether the probationer[4] has made sufficient bona fide efforts to pay but has been unable to pay through no fault of his own and (2) if so, consider whether alternative forms of punishment might serve the interests of punishment and deterrence.

*Marshall,* 345 S.W.3d at 823–24.

The Supreme Court reached this conclusion after determining that money owed

---

**3.** Appellant attempted to present testimony from the attorney handling his Social Security disability claim on these matters, but the trial court refused his testimony because he was a lay witness. A letter from the attorney filed in the record reflects a belief that Appellant "is totally unable to work, as a direct consequence of profound mental health issues." The disability claim was pending and unresolved at the time of the subject events.

**4.** The Supreme Court clarified that the term "probation" was intended "to refer collectively to both probation and conditional discharge" and that "[t]he principles of this opinion apply with equal force to motions to revoke conditional discharge." *Marshall,* 345 S.W.3d at 823 n. 1.

for past due child support constitutes restitution and, therefore, before probation or conditional discharge may be revoked based on a failure to pay child support, the requirements of *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), must be met. *Marshall*, 345 S.W.3d at 828–29; *see also Gamble v. Commonwealth*, 293 S.W.3d 406, 409–10 (Ky.App.2009). *Bearden* held that:

> ... in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Bearden*, 461 U.S. at 672–73, 103 S.Ct. at 2073.

◼ Thus, per *Marshall*, a trial court must complete a *Bearden* analysis before revoking a defendant's probation or conditional discharge for nonpayment of child support. At a minimum, the court must

"find whether each defendant made sufficient bona fide attempts to make payments but was unable to make the required payments through no fault of his own and, if so, whether alternative punishment might accomplish the Commonwealth's punishment and deterrence objectives." *Marshall*, 345 S.W.3d at 833. The Supreme Court further emphasized that the trial court "must specifically identify the evidence it relies upon in making these determinations on the record, as well as the specific reason(s) for revoking probation on the record." *Id.*

We relied upon *Bearden* in our original opinion and recognized that trial courts must satisfy its requirements in proceedings to revoke probation or conditional discharge for failure to pay child support. We noted that although the order revoking Appellant's conditional discharge did not contain specific findings of fact, the trial court made oral findings supporting its decision at the revocation hearing [5] and subsequently entered informal written findings into the record. The court specifically found that Appellant: (1) had failed to present any medical evidence to support his claim of disability due to mental health issues as a reason for not making payments; (2) had a job at one time but lost it because of fighting with another employee, *i.e.*, through his own actions; and (3) had not made the child support payments required by previous orders. Because of this, Appellant was found to have violated his conditional discharge.

◼ We believe that these findings comply with the dictates of *Marshall* because they demonstrate that the trial court properly considered Appellant's ability to pay and implicitly concluded that he had not made "sufficient bona fide attempts to

---

5. We note that "such findings do not necessarily have to be in writing" as long as they are made "specifically on the record." *Id.* at 833.

make payments" and had not shown that he was "unable to make the required payments through no fault of his own." Although Appellant takes exception to the trial court's basing its decision largely on the fact that there were no medical records or other medical evidence regarding his inability to work, it was not error on the part of the court to find that the lay testimony on this subject was unpersuasive. It was also not error for the court to determine that Appellant was no longer working due to his own actions in light of his admission that he lost his previous job for fighting with another employee. The "[i]nability of a debtor to satisfy a judgment is a fact to be determined by the trial court." *Clay v. Winn*, 434 S.W.2d 650, 652 (Ky.1968). "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Kentucky Rules of Civil Procedure ("CR") 52.01. The trial court clearly found that Appellant had failed to make a bona fide effort to satisfy his child support obligation after hearing testimony from him on this issue. Consequently, we believe that decision should stand.

■ Appellant also argues that the trial court erroneously denied his request to set an attainable "purge" amount that would have allowed him to avoid incarceration. However, that request was properly denied because it should have been presented following the trial court's finding of contempt—not following its revocation of Appellant's conditional discharge. The finding of contempt was made on April 1, 2009, and Appellant was sentenced for contempt on July 1, 2009. Any issue regarding a "purge" amount should have been presented at that time and could have also been addressed in an appeal taken from the order and sentence of contempt.

Appellant effectively contends that the revocation proceeding amounted to another civil contempt proceeding—thus allowing the court to set a "purge" amount thereafter—but this argument plainly lacks merit. The order from which Appellant has filed the present appeal merely revoked his conditional discharge and punished him for failing to comply with the terms of the trial court's earlier contempt determination. Appellant has cited us to no authority that would support the proposition that a trial court is required to set an additional "purge" amount when, following a hearing, the court finds that a party has failed to demonstrate an ability to comply with the terms of a conditional discharge. Indeed, precedent suggests just the opposite. *Cf. Dunagan v. Commonwealth*, 31 S.W.3d 928, 929–30 (Ky. 2000).[6] We further note that the terms of the trial court's order of conditional discharge set forth following its finding of contempt made it abundantly clear how Appellant could avoid further incarceration and "purge" himself of that finding. Thus, this argument also must fail.

### Conclusion

For the foregoing reasons, the order of the Kenton Circuit Court revoking Appellant's conditional discharge is affirmed.

ALL CONCUR.

---

**6.** The primary decisions relied upon by Appellant in support of his position involved appeals taken from contempt proceedings—not from a revocation of conditional discharge.

*See generally Blakeman v. Schneider*, 864 S.W.2d 903 (Ky.1993); *Commonwealth ex rel. Bailey v. Bailey*, 970 S.W.2d 818 (Ky.App. 1998).