RENDERED: JANUARY 14, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0867-DG

MARY JOHNSON                                               APPELLANT


                     ON DISCRETIONARY REVIEW
            FROM FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE OLU A. STEVENS, JUDGE
                   ACTION NO. 19-XX-000068


CHARLES BIELEFELD, JR.                                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND MAZE, JUDGES.

DIXON, JUDGE: Mary Johnson appeals from the order affirming the Jefferson District Court's forcible detainer judgment, entered on June 8, 2020, by the Jefferson Circuit Court. Following a careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On or about October 1, 2018, Mary Johnson and Charles Bielefeld, Jr., entered a written lease in which Johnson agreed to pay Bielefeld $350 per month for rent. Johnson failed to pay her monthly rent obligation from October 2018 through December 2018 and then failed to pay rent from February 2019 through July 2019. Bielefeld filed a forcible detainer complaint against Johnson on July 19, 2019, claiming that as of July 10, 2019, she owed $5,730 in unpaid rent and late fees.

On August 2, 2019, Johnson provided written notice of her demand for a jury trial. On August 6, 2019, a hearing was held at which counsel for Johnson appeared telephonically; however, Johnson did not appear. A trial date was scheduled for August 27, 2019. Counsel for Johnson assured the court he would personally appear or ensure that other counsel for Johnson was physically present at trial. The trial court verbally ordered and annotated on the tendered forcible detainer judgment that Johnson be present at the start of the trial. Counsel for Johnson did not object. The clerk file-stamped the trial court's handwritten order into the record. At the request of counsel for Johnson, counsel for Bielefeld paid the jury fee the following day.

On August 27, 2019, Johnson failed to appear at trial, so the court dismissed the jury and proceeded with a bench trial. An order was entered finding

Johnson had directly violated the court's written and verbal orders to appear and, thus, had waived her right to a trial by jury. The court also entered a forcible detainer judgment against Johnson. Johnson appealed from that judgment to the Jefferson Circuit Court, arguing she was deprived of her right to a jury trial. On June 8, 2020, the Jefferson Circuit Court affirmed the trial court. Johnson subsequently moved our court for discretionary review, which was granted.

## STANDARD OF REVIEW

When a trial court exercises its contempt powers, it has nearly unlimited discretion. *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. App. 2007) (citation omitted). Accordingly, we will not disturb a trial court's decision regarding contempt absent an abuse of its discretion. *Id.* "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

On appeal, Johnson argues the trial court improperly tried her case, depriving her of the right to a trial by jury. She contends her right to a jury trial was granted *and guaranteed* by KRS[1] 383.210(2) and section 7 of the Kentucky Constitution. KRS 383.210(2) provides:

---

[1] Kentucky Revised Statutes.

-3-

> In the trial of writs of forcible entry, forcible detainer or forcible entry and detainer, **if neither party, in person or by agent or attorney, demand a jury, the trial thereof shall be by the court. No such writ shall hereafter direct the summoning of a jury**, and the sheriff or other officer to whose hands such writ may come to do execution thereof shall not summon a jury in such proceedings, **unless he be by either party notified in writing that a jury is demanded**. At the calling of the cause for trial either party **may** demand a jury.

(Emphasis added.) Thus, forcible entry and/or detainer actions are tried by a trial judge by default and *only* tried by a jury if requested by a party in writing and/or at the calling of the cause for trial. This is far from the *guarantee* Johnson asserts exists. Furthermore, KY. CONST. § 7 provides, "The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution." Johnson focuses on the first two parts of this section, placing emphasis on the word "shall," while ignoring the third part of the section which allows the right to be modified.

Johnson's argument further ignores KRS 29A.270(3), concerning a defendant's right to a jury trial, which provides: "*Nothing* in this section shall be construed to restrict the power of the judge to punish for contempt of court." (Emphasis added.) Johnson asserts she did not have to follow the trial court's directive to appear at trial since the order was not formally reduced to a writing which was signed and entered into the record. Johnson contends the trial court speaks only through written orders entered upon the official record, citing *Kindred*

*Nursing Centers Limited Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010). Johnson's argument, however, is not supported by the record.

The trial court's order for Johnson to appear at trial was first documented on August 6, 2019. The parties disagree as to whether this written order was signed by the judge; yet, it was clearly entered into the record by the clerk. On August 27, 2019, the trial court entered a second signed order specifically referring to and incorporating its August 6, 2019, verbal and written orders for Johnson to appear at trial.

Another panel of our Court opined, "any findings of fact and conclusions of law made orally by the circuit court at an evidentiary hearing cannot be considered by this Court on appeal unless specifically incorporated into a written and properly entered order." *Id.* Stated another way, we *can* consider what the trial court says during a hearing if it is specifically incorporated into a written and properly entered order.

In the case herein, the trial court specifically incorporated the video recording of the initial hearing into the record, making it reviewable on appeal, through its written and properly entered order. At the hearing, the trial court stated Johnson was required to be present for the beginning of the jury trial and indicated that her failure to do so would constitute waiver. The trial court also reduced to writing its order that Johnson *must* be present at the start of the trial.

It is well-established that the courts of this Commonwealth have the inherent power to punish individuals for contempt. *Newsome v. Commonwealth*, 35 S.W.3d 836, 839 (Ky. App. 2001). The Supreme Court of Kentucky has defined contempt as the willful disobedience of or the open disrespect for the court's orders or its rules. *Id*. A trial court not only has the right, but also the duty, to protect its authority and dignity against contemptuous conduct. *Marcum v. Commonwealth*, 272 Ky. 1, 113 S.W.2d 462, 466 (1938). Consequently, and more particularly considering the extremely broad discretion afforded in this area, the trial court did not abuse its discretion in punishing Johnson for her contempt of court–through her refusal to appear at the jury trial she requested and as duly ordered by the trial court–by converting the jury trial to a bench trial.

Johnson further argues summary dispositions of appeals from district courts by circuit courts deprive defendants, such as Johnson, of due process of law under the Kentucky and United States Constitutions. Johnson claims we should declare the provisions of CR[2] 72 and CR 73.01(2) unconstitutional. Johnson admits that this issue was not preserved but now requests palpable error review of same.

Johnson claims allowing circuit courts, rather than the Court of Appeals, to review appeals from district courts creates an unequal system of

---

[2] Kentucky Rules of Civil Procedure.

appellate review. However, her argument fails to comprehend the true meaning

equal protection of law guarantees under our state and federal constitutions. The

Supreme Court of Kentucky has recently held:

> Our equal protection guarantees, both under the federal and state constitutions, seek to "keep[] governmental decision makers from treating differently persons who are in all relevant respects alike." *Vision Mining, Inc. v. Gardner*, 364 S.W.3d 455, 465 (Ky. 2011) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992)) (internal quotation marks omitted). Classifications are not per se unconstitutional, however. *Vision Mining*, 364 S.W.3d at 465. Rather, classifications are subject to different levels of judicial review based on their content. *Id.* The highest level of review, "strict scrutiny," applies when a classification affects a fundamental right or suspect classification, such as race, alienage or ancestry. *Steven Lee Enters. v. Varney*, 36 S.W.3d 391, 394 (Ky. 2000). An intermediate level of review, "heightened scrutiny," applies to classifications such as gender or illegitimacy. *Id.* The lowest level of review, "rational basis," applies to statutes that merely affect only social or economic policy. *Teco/Perry Cty. Coal v. Feltner*, 582 S.W.3d 42, 46 (Ky. 2019); *Zuckerman v. Bevin*, 565 S.W.3d 580, 595 (Ky. 2018); *Varney*, 36 S.W.3d at 394-95.

*Calloway County Sheriff's Dep't v. Woodall*, 607 S.W.3d 557, 563-64 (Ky. 2020).

Johnson fails to demonstrate how the current appellate system

established in our Commonwealth treats persons differently who are in all relevant

respects alike. All persons with cases in our Commonwealth are entitled to an

appeal as a matter of right. Persons with cases originating in the district court may

appeal to the circuit court. Those with cases originating in the circuit court are not

similarly situated; therefore, it is permissible that these types of cases receive different treatment regarding which court hears their appeals.

We will not search the record to construct Johnson's argument for her, nor will we go on a fishing expedition to find support for her underdeveloped arguments. "Even when briefs have been filed, a reviewing court will generally confine itself to errors pointed out in the briefs and will not search the record for errors." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979).

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Harry B. O'Donnell IV
Louisville, Kentucky

BRIEF FOR APPELLEE:

Brad Lammi
Max Schweiger
Louisville, Kentucky